## Commonwealth *v.* Fields, Appellant.

Submitted September 10, 1974. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*John Myers* and *John W. Packel,* Assistant Defenders, and *Vincent J. Ziccardi,* Defender, for appellant.

*Mark Sendrow* and *Steven H. Goldblatt,* Assistant District Attorneys, *Abraham J. Gafni,* Deputy District Attorney, *Richard A. Sprague,* First Assistant District Attorney, and *F. Emmett Fitzpatrick,* District Attorney, for Commonwealth, appellee.

240

OPINION BY WATKINS, P. J., December 11, 1974:

This is an appeal from the judgment of sentence of the Court of Common Pleas, Criminal Division, of Philadelphia County, by the defendant-appellant, Jerry Fields, after his conviction by a judge sitting without a jury of aggravated assault, robbery, theft and receiving stolen goods. He was sentenced to six (6) to twenty-three (23) months on the robbery charge.

The only issue in this appeal is that the defendant is entitled to a new trial because the court below erred in failing to recuse or disqualify himself upon hearing in the colloquy for waiver of a jury trial that the defendant had been at Camp Hill. The Commonwealth contends that the information learned by the trial judge was not so prejudicial as to deprive the defendant of a fair and impartial trial and further that the defendant knowingly and intelligently waived his right to be tried before another trial judge.

The defendant was called to trial on September 20, 1973, before the Honorable Matthew W. BULLOCK, Jr., on various charges. During the jury waiver colloquy, the judge asked the defendant from what school he had graduated. The defendant answered, "I graduated from Camp Hill." Defense counsel then stated that "he would be disposed. . . to ask (Judge BULLOCK) to disqualify (himself)." However, it was indicated that the defendant wanted to have the case disposed of that day by the sitting judge. The court then stated that he would not be influenced by the knowledge inadvertently received by him, but because the very appearance of fairness and impartiality was necessary to be maintained, he offered to disqualify himself.

The defendant then indicated that he wanted to go to trial before Judge BULLOCK as he felt that Judge BULLOCK could be fair and he waived his right to have trial before another judge. The record is as follows:

"BY MR. LERMAN:

"Q. Mr. Fields, the Judge told you he had found something out about this matter that he should not have found out. Do you know what that information was?

"A. Yes.

"Q. What was that, sir?

"A. That I was in confinement before.

"Q. Yes. That's right. And the Judge said that you have a right to appear before another judge that knows nothing of your past record. Do you remember that, sir? Do you remember saying that?

"A. Yes.

"Q. Do you understand that?

"A. Yes.

"Q. And the Judge also said that even though he knew something about your past or some troubles that you might have gotten into, he could put that out of his mind. Do you think he can do that, sir?

"A. Yes.

"Q. Do you think he could be fair to you?

"A. Yes.

"Q. Do you want to go before this Judge that is Judge BULLOCK, today and have him hear your case?

"A. Yes.

"Q. And you are perfectly satisfied to do that even though he knows you were in Camp Hill at one time.

"A. Yes."

The law is clear that the trier of fact must not possess any knowledge prejudicial to a defendant other than the facts of the case in order to maintain defendant's presumption of innocence. *Commonwealth v. McDaniel*, 217 Pa. Superior Ct. 20, 268 A. 2d 237 (1970). If the trier of fact obtains information that is sufficiently inflammatory so as to arouse a prejudice against the defendant, a new trial must be granted.

*Commonwealth v. Goodman,* 454 Pa. 358, 311 A. 2d 652 (1973).

However, the defendant may waive his right to have a judge disqualified. *Commonwealth v. Goodman,* supra, at page 362. And in that case the language was highly inflammatory. The right may be waived voluntarily for whatever reason the defendant may have. As the Supreme Court said in *Commonwealth v. Corbin,* 447 Pa. 463, 466, 291 A. 2d 307 (1972): "It is manifest from this record that appellant, having conferred with his attorney, elected to take his chances with a single judge. Whatever his reasons, the choice of strategy was deliberately and voluntarily made, and appellant cannot now, after an unfavorable result, be heard to complain."

The admission of possibly prejudicial information at the commencement of a bench trial does not necessarily require the judge to disqualify himself. See, American Bar Association Project on Standards for Criminal Justice, Standards Relating to the Function of the Trial Judge, §1.7, which states: "Unless otherwise required by statute, a judge should avoid withdrawing from a case merely because a charge of bias has been made. Wapnick v. United States, 311 F. Supp. 183 (E.D. N.Y. 1969). Demands for recusation can be used as an indirect means of attempting to choose the judge who will sit in the case. United States v. Devlin, 284 F. Supp. 477, 482 (D. Conn. 1968). Delays in trial and inefficient use of judicial manpower are other possible consequences of such abuse." The Supreme Court of Pennsylvania has refused to create a prophylactic rule on recusation. See, *Commonwealth v. Goodman,* supra.

The information that comes to the judge, its inflammatory nature and its relation to the case on trial weigh heavily in determining its prejudice. Thus, where the trial judge heard hearsay evidence in a

suppression hearing which suggested that the defendants were involved in narcotics trafficking the judge should have recused himself. *Commonwealth v. Goodman,* supra; *Commonwealth v. McDaniel,* supra. See also, *Commonwealth v. Rivers,* 218 Pa. Superior Ct. 184, 279 A. 2d 766 (1971).

In the instant case, the judge was inadvertently informed by the defendant that he had been at Camp Hill when a juvenile. In *Rivers,* supra, the judge was of the opinion that the defendant had pleaded guilty to the list of crimes, while in the instant case the trial judge knew that the defendant was strenuously contesting his innocence.

In *Commonwealth v. Cannon,* 453 Pa. 389, 309 A. 2d 384 (1973), where the defendant during his testimony made an unsolicited remark about his attending Glen Mills School, the court held that it did not require a mistrial and said at page 394: "The reference to appellant's stay at Glen Mills could not vitiate that defense in any significant way and should not have compelled the granting of a mistrial under these circumstances."

However, we are not deciding this case on the ground that the judge was not obliged to disqualify himself because the information did not rise to the prejudicial knowledge that would demand a new trial.

We are deciding this appeal on the ground that the record clearly discloses that the defendant voluntarily and intelligently waived his right to be tried by another judge. He did not believe that the trial judge would be prejudiced by the knowledge that had come into his possession and in fact, desired to be tried by Judge BULLOCK. The judge had offered to disqualify himself and counsel did not press it although he did advise the defendant to ask for disqualification. The defendant, despite this advice, voluntarily chose to waive his right and he clearly has

the right to so waive despite adverse advice from his counsel. *Commonwealth v. Stokes,* 450 Pa. 167, 299 A. 2d 272 (1973). Having waived his right to be tried by another judge he is not now in a position to complain about the result.

Judgment of sentence affirmed.