366 A.2d 930
**COMMONWEALTH of Pennsylvania,
Appellant,**

v.

**Howard HORSLEY, Appellee.**

Superior Court of Pennsylvania.

Submitted Nov. 24, 1975.

Decided Dec. 15, 1976.

92

---

John J. Hickton, Dist. Atty., Charles W. Johns, Asst. Dist. Atty., Pittsburgh, for appellant.

Larry P. Gaitnes, Pittsburgh, for appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

SPAETH, Judge:

After a non-jury trial, appellee was convicted of possession and possession with intent to deliver, in violation of The Controlled Substance, Drug, Device and Cosmetic Act, 35 P.S. § 780–113. On July 16, 1974, the lower court entered an order denying appellee's motions for a new trial and in arrest of judgment. However, appellee filed a petition for reconsideration, and on April 7, 1975, the lower court entered an order partially vacating its order of July 16, 1974, and granting the motion in arrest of judgment. The Commonwealth appeals from this order, and we reverse.

The record discloses the following facts. On May 16, 1972, at about 12:30 p. m., Officer Patrick of the Pittsburgh Police Department was working a narcotics stakeout in the 2000 block of Center Avenue in the Hill District of Pittsburgh. From a concealed position the officer saw appellee give another man a "small metal-like object," from a brown paper bag, in return for money. (N.T. 6) When this happened again, the officer called his two partners, who were about a block and a half away, on his police walkie-talkie. When appellee saw

these two officers approaching, he walked over to a telephone pole and dropped the paper bag beside the pole. One of the officers picked up the bag, and saw inside it several tinfoil packets containing white powder. Appellee was then arrested.

Appellee contends, and the lower court evidently agreed, that *Commonwealth v. Jeffries,* 454 Pa. 320, 311 A.2d 914 (1973), governs this case.[1]

The facts in *Jeffries* were as follows: While walking along a street, Jeffries saw some police officers in a car, and "quickened his pace." The officers left the car and started toward Jeffries, who began to run. During the ensuing chase Jeffries threw away a cigarette package. After the officers caught Jeffries, they recovered the package and it was found to contain heroin.[2]

The first argument in *Jeffries,* as here, was that the warrantless arrest was without probable cause. Probable cause requires that the arresting officer have enough reasonably trustworthy information to justify a man of reasonable caution in believing that the person to be arrested has committed, or is committing, an offense. *See Beck v. Ohio,* 379 U.S. 89, 85 S.Ct. 223, 13 L.Ed.2d 142 (1964). In *Jeffries,* the only information the officers had was flight, which is not enough to support a finding of probable cause. *Commonwealth v. Pegram,*

---

1. The lower court has not written an opinion. However, appellee's petition for reconsideration was based solely upon *Jeffries.* We therefore assume that the lower court's order of April 7, 1975, granting the motion in arrest of judgment, was based upon its reading of *Jeffries.*

2. *Jeffries* might be distinguished on the procedural ground that there a pre-trial motion to suppress had been filed and denied, whereas here no such motion was filed. We prefer, however, not to go off on this ground. During the trial appellee's counsel made what might be considered an oral motion to suppress. The Commonwealth objected, but the record is ambiguous regarding the ruling on the objection. Since the lower court later granted appellee's motion to arrest, we shall assume that the ruling was intended to have the effect of at once entertaining the motion to suppress (although it was oral, and late), and denying it.

450 Pa. 590, 301 A.2d 695 (1973). Here, however, one officer saw appellee engage in two transactions that the officer could reasonably believe were sales of a controlled substance, and another officer saw appellee drop a paper bag that the officer could reasonably believe contained heroin. This was enough to give the officers probable cause for the arrest. *Commonwealth v. Lawson*, 454 Pa. 23, 309 A.2d 391 (1973).

■■ Appellee contends, however, that the officers were not entitled to consider the paper bag. In support of this contention appellee correctly notes that abandoned property may not be used for evidentiary purposes when the abandonment is coerced by unlawful police action. *Commonwealth v. Pollard*, 450 Pa. 138, 299 A.2d 233 (1973). Thus in *Jeffries* the Court found that the abandonment was coerced by the unlawful action of the police in chasing Jeffries in order to seize him. The Court went on to say, however, that "[t]his is not a situation where the party spontaneously abandons the property upon sight of the police," *supra* 454 Pa. at 327, 311 A.2d at 918. Here that is just what appellee did. As the police did nothing unlawful in approaching appellee, it cannot be said that appellee was coerced by unlawful police action to abandon the paper bag. It was therefore properly seized.

Since *Jeffries* is inapplicable to this case, the lower court erred in granting the motion in arrest of judgment and the original verdict should be reinstated. *Commonwealth v. Froelich*, 458 Pa. 104, 326 A.2d 364 (1974).

The order granting the motion in arrest of judgment is vacated, the original verdict is reinstated, and the record is remanded for the imposition of sentence.