386 A.2d 99

**COMMONWEALTH of Pennsylvania**

v.

**John C. BROOMELL, Appellant.**

Superior Court of Pennsylvania.

Submitted June 13, 1977.

Decided April 28, 1978.

Robert Shaffer, Assistant Public Defender and John R. Merrick, Public Defender, West Chester, for appellant.

Peter J. Hart, and Donald A. Mancini, Assistant District Attorneys, West Chester, for Commonwealth, appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

VAN der VOORT, Judge:

Appellant, John C. Broomell, was charged with the crimes of rape by forcible compulsion,[1] indecent assault[2] and corruption of minors[3] in a complaint filed on June 2, 1974 by the Pennsylvania State Police. Following a trial by a jury, the appellant was convicted of all of the above charges. He filed post-verdict motions for a new trial and an arrest of judgment which were denied by the lower court. On August 5, 1976, appellant was sentenced to pay the costs of prosecution, pay a fine of $100 and serve a time of imprisonment for not less than three nor more than twenty-three months on the charge of rape. No sentences were imposed on the charges of corruption of minors and indecent assault. Appellant filed a timely appeal from the judgment of sentence, however, he was represented by different counsel at the time he filed his appeal. From arrest through sentencing, the defendant was represented by private counsel. After sentencing, he qualified for representation from the public defenders' office. An assistant public defender filed the appeal and shortly thereafter the lower court directed him to file a concise statement of the matters complained of on the appeal. Pa.R.App.P., Rule 1925(b).[4] The assistant

1. Act of December 6, 1972, P.L. 1482, No. 334, 18 Pa. C.S. § 3121.

2. Act of December 6, 1972, P.L. 1482, No. 334, 18 Pa. C.S. § 3126.

3. Act of December 6, 1972, P.L. 1482, No. 334, 18 Pa. C.S. § 3125.

4. (b) Direction to file statement of matters complained of.
If the lower court is uncertain as to the basis for the appeal, the lower court may direct the appellant forthwith to file of record in the

public defender filed the statement on October 7, 1976, wherein he alleged: 1) trial counsel failed to file a pretrial application to dismiss under Pa.R.Crim.P. Rule 1100, 2) trial counsel failed to properly object to irrelevant, prejudicial testimony, 3) trial counsel failed to object to expert testimony and 4) trial counsel failed to object to prejudicial hearsay testimony. Shortly after filing the statement of the matters complained of in the appeal, appellate counsel resigned as an assistant public defender and appellant's representation was undertaken by the public defender, himself. In the brief filed by the new appellate counsel, not only is the issue of ineffectiveness of trial counsel raised, but also the issue of ineffectiveness of first appellate counsel. The basis for the latter contention is that the first appellate counsel failed to preserve certain issues for appeal by omitting them from the statement of the matters complained of on the appeal.

The lower court in its opinion filed pursuant to the Pa.R. App.P. Rule 1925(a) stated that the issue involving Rule 1100 was non meritorious because the case was brought to trial within the required time. Present appellate counsel agrees with the lower court since it is apparent that the trial started on the 269th day after the filing of the complaint and the 270 day rule was in effect. The other three issues were disposed of by the lower court by a statement that it was not possible to determine whether trial counsel's failure to object concerning the testimony set forth in grounds 2–4 of the statement of matters complained of constituted ineffectiveness of counsel because such may have been a tactical decision. The lower court concluded that trial counsel was not ineffective and that appellant was not entitled to a new trial. It was also the lower court's opinion that since those four were the only matters raised by appellant in his statement of matters complained of that all other possible issues were waived. Rule 1925, supra, footnote 4, states that failure to comply with the direction of the lower court to file

lower court and serve on the trial judge a concise statement of the matters complained of on the appeal. A failure to comply with such direction may be considered by the appellate court as a waiver of all objections to the order, ruling or other matter complained of.

a statement of the matters complained of may be deemed a waiver of all objections by the appellate court. In the present case, we have a situation where the appellant filed a statement through his first appellate counsel, but did not allege all of the matters of error that second appellate counsel has briefed. The question arises as to whether or not the fact that not all issues were raised in the statement precludes the appellant from raising them in his brief? The lower court stated that the failure to raise an issue in the statement resulted in it being waived. However, Rule 1925(b) clearly states that it is within the discretion of the appellate court to decide whether any waiver has occurred. Since it is a matter of discretion, we can make a determination only after examining the facts of this particular case.

The facts present a somewhat anomalous situation in so far as present appellate counsel is alleging, in the same appeal, that the initial appellate counsel was ineffective. The additional issues raised by present counsel in support of his contention that first appellate counsel was ineffective are very similar in nature to those present in the statement of matters complained of. The issues essentially involve the failure of trial counsel to make objections to the introduction of certain evidence and the failure to emphasize certain points of the case in his closing. All of the additional issues as well as the issues raised in the statement of matters complained of were points that could have been the subject of trial counsel's strategy. The standard established in *Commonwealth ex rel. Washington v. Maroney*, 427 Pa. 599, 235 A.2d 349 (1967) has often been repeated.

> Counsel's assistance is deemed constitutionally effective once we are able to conclude that the particular course chosen by counsel had some reasonable basis designed to effectuate his client's interest. The test is not whether some alternatives were more reasonable, employing a hindsight evaluation of the record. Although weigh the alternatives we must, the balance tips in favor of a finding of effective assistance as soon as it is determined that trial counsel's decisions had some reasonable basis. 427 Pa. 599, 604, 235 A.2d 349, 352 (1967).

In the present case, there has never been a hearing on the issue of the effectiveness of either trial counsel or appellate counsel 1. Our Supreme Court held in *Commonwealth v. Twiggs,* 460 Pa. 105, 331 A.2d 440 (1975) that if it is not possible to determine from an examination of the record whether trial counsel's decision to pursue a particular element of the defense had some reasonable basis designed to further the interests of the defendant, then it is necessary to remand the case for an evidentiary hearing. The same reasoning would apply where the effectiveness of appellate counsel 1 is challenged. Instantly we cannot determine from the record whether or not appellate counsel 1 was effective. Therefore, we must remand the case for an evidentiary hearing on the issues of the effectiveness of trial counsel and appellate counsel 1. Among the points to be considered are not only those raised in the statement of matters complained of filed by initial appellate counsel, but also those raised in the brief filed by present counsel. We feel that it is in the interest of justice that under the unusual facts of this case no waiver has occurred. There must be an opportunity to have all of the issues regarding the effectiveness of counsel considered in one hearing, with the right in either party to appeal from the determinations made by the court below following the evidentiary hearing.

Remanded for further proceedings in accordance with this Opinion.

SPAETH, J., files concurring opinion in which HOFFMAN, J., joins.

WATKINS, former President Judge, did not participate in the consideration or decision of this case.

SPAETH, Judge, concurring:

I join in the majority opinion but suggest that on remand new counsel be appointed who is not a Public Defender, *see Commonwealth v. Via,* 455 Pa. 373, 316 A.2d 895 (1975), and who therefore can raise additional ineffectiveness contentions, if that proves warranted.

HOFFMAN, J., joins in this concurring opinion.