410 A.2d 835

**COMMONWEALTH of Pennsylvania**

v.

**Luis WILLIAMS, Appellant.**

Superior Court of Pennsylvania.

Submitted Oct. 26, 1979.

Filed Sept. 19, 1979.

Lester G. Nauhaus, Assistant Public Defender, Pittsburgh, for appellant.

Charles W. Johns, Assistant District Attorney, Pittsburgh, for Commonwealth, appellee.

Before CERCONE, WIEAND and HOFFMAN, JJ.

546

WIEAND, Judge:

Luis Williams was convicted nonjury of burglary, theft, and receiving stolen property. Post trial motions were denied, and Williams was sentenced to two to four years imprisonment. No appeal was filed. Thereafter, a P.C.H.A. petition was filed, heard and denied. The right to file a direct appeal nunc pro tunc, however, was granted. On this, a direct appeal, appellant's new counsel argues: (1) the evidence was insufficient to sustain a conviction for burglary; (2) certain evidence should have been suppressed because it was seized as a result of an unlawful arrest; and (3) trial counsel was ineffective for permitting appellant to be tried before the same judge who heard the pre-trial suppression hearing. Finding no merit in these issues, we affirm.

In determining the sufficiency of the evidence, we accept as true all evidence upon which the fact finder could properly have reached its verdict and give the verdict winner, in this case the Commonwealth, the benefit of all reasonable inferences therefrom. *Commonwealth v. Williams*, 468 Pa. 357, 362 A.2d 244 (1976); *Commonwealth v. Ilgenfritz*, 466 Pa. 345, 353 A.2d 387 (1976); *Commonwealth v. Lynch*, 227 Pa.Super. 316, 323 A.2d 808 (1974). The Commonwealth, moreover, does not have to establish guilt to a mathematical certainty and may in a proper case rely on circumstantial evidence. *Commonwealth v. Roscioli*, 454 Pa. 59, 309 A.2d 396 (1973); *Commonwealth v. Jacobs*, 247 Pa.Super. 373, 372 A.2d 873 (1977). In the instant case, the evidence was clearly adequate to support the verdict.

On the evening of April 12, 1976, police in the City of Pittsburgh received a complaint that two black men had been observed peeking into apartment windows in the neighborhood of Highland and Walnut Streets. The two policemen who were sent to investigate drove their van into a narrow alley-way behind the apartment buildings. There they observed two black men coming down the rear steps of the apartment at 6015 Walnut Street. Both men were carrying parts of a stereo set. When they saw the police van, they dropped what they were carrying and fled. Ap-

pellant was pursued and apprehended. Further investigation revealed that the stereo had been removed from an apartment which had been forcibly entered.

The evidence that the apartment had been broken into and a stereo set removed, together with the appellant's possession of the component stereo parts as he emerged from the apartment and his flight upon observing a police van in the alley were circumstances from which guilt could be inferred. See: *Commonwealth v. Williams*, 468 Pa. 357, 362 A.2d 244 (1976); *Commonwealth v. Bailey*, 250 Pa.Super. 402, 378 A.2d 998 (1977). See also: *Commonwealth v. Cimaszewski*, 447 Pa. 141, 288 A.2d 805 (1972); *Commonwealth v. Madison*, 263 Pa.Super. 206, 397 A.2d 818 (1979).

■■■■ Appellant cannot complain that police seized those stereo parts which he voluntarily had abandoned. *Abel v. U. S.*, 362 U.S. 217, 80 S.Ct. 683, 4 L.Ed.2d 668 (1960); *Commonwealth v. Shoatz*, 469 Pa. 545, 366 A.2d 121 (1976); *Commonwealth v. Horsley*, 244 Pa.Super. 91, 366 A.2d 930 (1976). The issue is not abandonment in the strict property-right sense, but whether appellant voluntarily discarded, left behind, or otherwise relinquished his interest in the property so that he could no longer retain a reasonable expectation of privacy with regard to it. *U. S. v. Edwards*, 441 F.2d 749 (C.A. 5, 1971); *Commonwealth v. Shoatz*, supra, 469 Pa. at 553, 366 A.2d at 1220. Abandoned property may be obtained and used for evidentiary purposes by the police. The evidence must be suppressed only if the abandonment has been coerced by unlawful police action. *Commonwealth v. Hall*, 475 Pa. 482, 380 A.2d 1238 (1977); *Commonwealth v. Shoatz*, supra; *Commonwealth v. Jeffries*, 454 Pa. 320, 311 A.2d 914 (1973); *Commonwealth v. Pollard*, 450 Pa. 138, 299 A.2d 233 (1973); *Commonwealth v. Horsley*, supra.

■■■ In the instant case, there had been no unlawful or coercive police action. Police had entered the alley behind the apartment to investigate a complaint. They had not confronted appellant for any purpose whatsoever. Indeed, they had neither left their vehicle nor spoken to appellant,

who fled as soon as he saw the police van. Under these circumstances, the police could seize the abandoned stereo components and use them for evidentiary purposes.

■ Before filing a memorandum opinion in this case, the trial court entered an order, pursuant to Appellant Rule 1925(b), directing appellant to file of record a statement of the matters complained of on appeal. The issue pertaining to ineffective assistance of counsel, which appellant now attempts to raise, was not included in the reasons filed in response to the court's order, and the trial court's opinion, therefore, did not contain a discussion of this issue. This may be deemed a waiver of the issue at the discretion of an appellate court. *Commonwealth v. Broomell*, 254 Pa.Super. 574, 577, 386 A.2d 99, 100 (1978); Pa.R.App.P. 1925(b). In the instant case we will consider the merits of the issue because appellant's failure to comply with the rule does not defeat our ability to exercise appellate review. *Commonwealth v. Crowley*, 259 Pa.Super. 204, 211, 393 A.2d 789, 792 (1978). Because this issue was the subject of testimony at the P.C.H.A. hearing which produced the order allowing direct appeal nunc pro tunc, the means for achieving a review of this issue are available to us.

■ Substantively, appellant's argument on the issue of ineffective assistance of counsel lacks merit. The standard established in *Commonwealth ex rel. Washington v. Maroney*, 427 Pa. 599, 235 A.2d 349 (1967) and repeated frequently thereafter is as follows: "[C]ounsel's assistance is deemed constitutionally effective once we are able to conclude that the particular course chosen by counsel had some reasonable basis designed to effectuate his client's interest. The test is not whether some alternatives were more reasonable, employing a hindsight evaluation of the record. Although weigh the alternatives we must, the balance tips in favor of a finding of effective assistance as soon as it is determined that trial counsel's decisions had some reasonable basis." 427 Pa. at 604, 235 A.2d at 352.

The practice of holding a nonjury trial before the same judge who presided at a pre-trial suppression hearing has been criticized by the Supreme Court. See: *Commonwealth v. Paquette*, 451 Pa. 250, 301 A.2d 837 (1973). However, it has not been made the basis for setting aside a verdict reached in an otherwise proper trial. In the instant case, appellant's trial counsel, although aware that a request by him would probably have produced a reassignment of the trial to another judge, deliberately refrained from making such a request. This was a strategy decision. The suppression hearing had been unsuccessful. Therefore, the trial judge had heard nothing at the pre-trial hearing that he would not also hear at trial. In addition, counsel was familiar with the trial judge and concluded that appellant would receive at his hands not only a fair trial but, if convicted, a just sentence. Under the circumstances, he did not wish to take the risk of a heavier sentence if appellant were convicted before another judge. We cannot say that the course chosen by counsel had no reasonable basis designed to effectuate his client's interest. His decision was not the mark of a lawyer who has been constitutionally ineffective.

The judgment of sentence is affirmed.