422 A.2d 1388

**COMMONWEALTH of Pennsylvania**

v.

**Carl BAXTER, Appellant.**

Superior Court of Pennsylvania.

Submitted June 29, 1979.

Filed Dec. 12, 1980.

Petition for Allowance of Appeal Denied May 5, 1981.

Leonard Sosnov, Assistant Defender, John W. Packel, Chief, Appeals, Assistant Public Defender, Philadelphia, for appellant.

Erice B. Henson, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before HESTER, HOFFMAN and CATANIA, JJ.*

CATANIA, Judge:

Appellant raises two claims of ineffectiveness of trial counsel, for failure to object to an allegedly defective waiver of jury trial and for failure to seek recusation of the trial judge. For reasons stated herein, the case is remanded for an evidentiary hearing to determine whether counsel's failure to seek recusal of the trial judge, under the circumstances of the case, was proper and designed to effectuate his client's best interests, the standard for effective representation set forth in the leading case, *Commonwealth v. Dancer*, 460 Pa. 95, 331 A.2d 435 (1975).

* Judge FRANCIS J. CATANIA, of Court of Common Pleas of Delaware County, Pennsylvania, is sitting by designation.

The facts of the case are undisputed. Following an armed robbery, the victim, a cab driver, was shown a group of photographs by the police. From these, he identified the appellant as the man who had robbed him. Each of the photos listed a name, address, and a crime. Appellant's photograph had an address on the same street and block where the robbery had occurred.

Appellant was arrested and charged with robbery, violations of the Uniform Firearms Act, simple assault, and possession of an instrument of crime. He filed a motion to suppress the identification testimony of the cab driver, and a suppression hearing was held. Ruling that the photographic display had been suggestive, the hearing judge suppressed the photographic identification; however, he also ruled that the victim's in–court identification testimony at trial would not be suppressed, since it resulted from the actual incident, a source independent of the suggestive photographic display, and therefore was not tainted.

At this point, appellant's counsel moved for a mistrial and told the court that appellant wanted to waive his right to a jury trial. The hearing judge conducted a jury trial waiver colloquy, he accepted appellant's waiver, and the trial commenced before the same judge.

After the Commonwealth's case, a demurrer was sustained to the firearms violation. At the end of the trial, the judge found the appellant not guilty of simple assault, but guilty of robbery and possession of an instrument of crime. Post-verdict motions were denied, and the hearing and trial judge sentenced the appellant to 11½ to 23 months in prison for robbery, and a consecutive term of five years probation for possession of an instrument of crime. New counsel was appointed to replace trial counsel, and this appeal followed.

The first claim appellant raises, that counsel was ineffective for failing to object to an allegedly defective waiver of jury trial, is without merit. Appellant purports and fails to establish a defective waiver and then concludes that trial counsel was ineffective for failing to lodge an

objection to the waiver so that he could preserve the issue for post–trial motions. In order for a valid waiver, the defendant must understand the essential ingredients of a jury trial which were set forth in the oft cited case, *Commonwealth v. Williams*, 454 Pa. 368, 312 A.2d 597:

"These essential ingredients, basic to the concept of a jury trial, are the requirements that the jury be chosen from members of the community, that the verdict be unanimous, and that the accused be allowed to participate in the selection of the jury panel."

Appellant admits that he was advised of these essential ingredients of a jury trial in compliance with Williams, but then attempts to add another ingredient to the test by urging that he was entitled to be tried by a judge other than the hearing judge, and that this "right" must be explained on–the–record before a valid waiver exists. Appellant has attempted to merge the two issues, the waiver and the recusal, and thereby alter the Williams test to his benefit. This Court refuses to agree with that assessment of the law, and will continue to treat the two issues separately.

It has long been the public policy in Pennsylvania to favor jury trials as opposed to Bench trials, and that right will not lightly be deemed to have been waived. *Commonwealth v. Stokes*, 450 Pa. 167, 299 A.2d 272 (1973). When a waiver is being considered by the defendant, Rule 1101 of the Pennsylvania Rules of Criminal Procedure requires an on–the–record colloquy, wherein the judge must ascertain that the purported waiver is a voluntary, knowing and intelligent decision by the defendant. In the instant case, the hearing and trial judge complied with the requirements of Rule 1101 as interpreted in the *Williams Case, supra.* Appellant relies on *Commonwealth v. Fields*, 231 Pa.Super. 238, 331 A.2d 494 (1974), in support of its position that a knowing waiver includes an on–the–record colloquy that another judge could, if defendant so requested, preside at trial. The reliance is misplaced, as nothing in Fields suggests that a valid waiver could not have been found absent such a warning.

Appellant's second claim, that counsel was ineffective for failing to seek recusal of the trial judge deserves a closer analysis than was previously afforded, and it is for this purpose that the case is remanded for an evidentiary hearing. There is no constitutional right to have a different judge preside over a trial than presided over a suppression hearing. And, the practice of holding a non–jury trial before the same judge who presided at a pre–trial suppression hearing has been sharply criticized by the Supreme Court. See: *Commonwealth v. Paquette*, 451 Pa. 250, 301 A.2d 837 (1973). However, it has not been made the basis for setting aside a verdict reached in an otherwise proper trial. *Commonwealth v. Williams,* 269 Pa.Super. 544, 548, 410 A.2d 835, 837 (1979). In *Paquette,* the trial judge, who tried the case without a jury, had also presided at a suppression hearing where he suppressed defendant's inculpatory statements which he had read, following which defendant did not request that he disqualify himself. It was held that defendant's decision to have the same judge at the hearing and the trial was clearly a matter of trial strategy, and that he could not thereafter complain of the result. In the case at bar, trial counsel could have wanted the same judge for several reasons designed to effectuate his client's best interests, and this case is remanded for an evidentiary hearing to determine that possibility.