J-A05040-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA  :   IN THE SUPERIOR COURT OF
                    :            PENNSYLVANIA
                    :
          v.           :
                    :
                    :
BETHANN ZAMPERINI        :
                    :
       Appellant      :    No. 535 WDA 2018

Appeal from the PCRA Order April 4, 2018
In the Court of Common Pleas of Butler County Criminal Division at
No(s):  CP-10-CR-0001174-2016

BEFORE:  GANTMAN, P.J.E., SHOGAN, J., and MURRAY, J.

MEMORANDUM BY MURRAY, J.:        **FILED FEBRUARY 28, 2019**

Bethann Zamperini (Appellant) appeals from the order denying her first timely petition seeking relief under the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

The trial court[1] summarized the relevant facts as follows:

> At the November 18, 2016 non-jury trial, the Commonwealth presented the testimony of Officer Christopher Miller of the Jackson Township Police Department.  The officer testified that he has been employed with Jackson Township for approximately eight and one-half (8½) years.  He testified that he has received training in standardized field sobriety, ARAD, high risk traffic stops, drug paraphernalia, DUI detection, and speed detection.
>
> Officer Miller testified that in the early morning hours of February 24, 2016 he was working the 11 p.m. to 7 a.m. shift and was stationed at the RE/MAX building on Route 19.  He observed

---

[1] The Honorable Timothy F. McCune presided at the pre-trial, bench trial and post-conviction proceedings in this case.

a vehicle traveling at a high rate of speed, clocked at over twenty (20) miles per hour over the speed limit using the department's Accutracker. The officer initiated a traffic stop of the vehicle driven by [Appellant]. While speaking with [Appellant] through the vehicle's window, he testified that he detected the odor of an alcoholic beverage coming out of the vehicle. The officer also observed that [Appellant's] speech was a little slurred. Additionally, her eyes appeared glassy and bloodshot. While speaking with [Appellant], Officer Miller testified that she avoided eye contact with him and didn't want to answer all of his questions. He also mentioned that [Appellant] fumbled with some of the items in her wallet when he asked her to produce her driver's license.

Trial Court Opinion, 3/16/17, at 2.

The trial court convicted Appellant of driving under the influence (DUI), general impairment, and sentenced Appellant to five days to six months of prison, commensurate with a second offense DUI conviction. Appellant filed a timely appeal and this Court affirmed her judgment of sentence. *Commonwealth v. Zamperini*, 191 WDA 2017 (Pa. Super. July 28, 2017) (unpublished memorandum). Appellant did not file a petition for allowance of appeal with the Pennsylvania Supreme Court.

On September 12, 2017, Appellant filed the underlying PCRA petition. The PCRA court ordered the Commonwealth to file a written response to Appellant's petition, and the Commonwealth filed its answer on January 23, 2018. On February 27, 2018, the PCRA court issued notice of its intent to dismiss Appellant's PCRA petition without a hearing pursuant to Rule 907 of the Pennsylvania Rules of Criminal Procedure. Appellant did not file a response to the Rule 907 notice. On April 4, 2018, the PCRA court dismissed Appellant's petition without a hearing. This timely appeal followed.

Appellant states her issues as follows:

I.   Did the PCRA court err by concluding that trial counsel was effective where –

A. Trial counsel failed to seek the lower court's recusal as the fact-finder though it served as the Suppression Court and was aware of Appellant's BAC results?

B. Trial counsel failed to object to the introduction of Appellant's inadmissible PBT results?

C. Trial counsel neither moved nor argued for a judgment of acquittal though there was no admissible evidence bearing upon the material element of "imbibing a sufficient amount of alcohol"?

II.  Did the PCRA court err by equating the criminal information to evidence that is sufficient enough to justify the imposition of a second-offense-DUI sentence?

Appellant's Brief at 4 (trial court answers and suggested answers omitted).

Preliminarily, we note that in reviewing the denial of PCRA relief, we examine whether the PCRA court's determination is supported by the record and free of legal error. *Commonwealth v. Fears*, 86 A.3d 795, 803 (Pa. 2014) (quotations and citations omitted). "To be entitled to PCRA relief, [an] appellant must establish, by a preponderance of the evidence, [that her] conviction or sentence resulted from one or more of the enumerated errors in 42 Pa.C.S. § 9543(a)(2)[.]" *Id.*

Appellant's first three claims challenge trial counsel's effectiveness. In deciding ineffective assistance of counsel claims, we begin with the presumption that counsel rendered effective assistance. *Commonwealth v. Bomar*, 104 A.3d 1179, 1188 (Pa. 2014). To overcome that presumption,

the petitioner must establish: "(1) the underlying claim has arguable merit; (2) no reasonable basis existed for counsel's action or failure to act; and (3) the petitioner suffered prejudice as a result of counsel's error, with prejudice measured by whether there is a reasonable probability that the result of the proceeding would have been different." *Id.* (citation omitted). If an appellant fails to prove by a preponderance of the evidence any of the three prongs, the Court need not address the remaining prongs of the test and the claim is subject to dismissal. *Commonwealth v. Williams*, 863 A.2d 505, 513 (Pa. 2004); *Bomar*, 104 A.3d at 1188.

In her first claim, Appellant argues that the PCRA court erred in concluding that trial counsel was effective when counsel failed to file a motion for recusal. Appellant asserts that because Judge McCune presided over the suppression hearing and acted as fact finder during the bench trial, he "had a look behind the proverbial curtain that was meant to hide away inadmissible, suppressed evidence," which ultimately contributed to Appellant's conviction. Appellant specifically takes issue with Judge McCune's knowledge of Appellant's blood alcohol content (BAC) results.

This Court has explained:

A party seeking recusal of the trial judge bears the burden of establishing the grounds for the recusal. *Commonwealth v. Gibson*, 567 A.2d 724, 727 (Pa. Super. 1989). "Even the fact that the trial judge may have been made aware of improper evidence does not require recusal; . . . a trial judge is presumed to be capable of disregarding improper evidence. . . ." *Id.* . . . Recusal is required only when the evidence brought to the

- 4 -

attention of the trial court is **both** inadmissible and **highly** prejudicial.

***Commonwealth v. Lott***, 581 A.2d 612, 616 (Pa. Super. 1990) (emphasis in original).

With respect to the substance of Appellant's claim, we have stated:

> [W]hile it may be the better practice to have a different judge preside over trial than presided over pre-trial proceedings, such a practice is not constitutionally required and has not been made the basis for setting aside a verdict reached in an otherwise proper trial. ***Commonwealth v. Baxter***, 422 A.2d 1388 (Pa. 1980)[;] ***Commonwealth v. Williams***, 410 A.2d 835 (Pa. Super. 1979). This principle appears to be based on "the prevailing view that judicial fact-finders are capable of disregarding most prejudicial evidence." ***Commonwealth v. Council***, 421 A.2d. 623[,] 625 [(Pa. 1980)]."

***Commonwealth v. Lewis***, 460 A.2d 1149, 1152 (Pa. Super. 1983). The Court concluded that absent a showing of prejudice, counsel was not ineffective for failing to seek recusal of the judge who presided over the suppression hearing. ***Id.***

In this case, the Commonwealth conceded that Appellant's BAC test was inadmissible based on ***Birchfield v. North Dakota***, -- U.S. --, 136 S.Ct. 2160 (2016), and the trial court ruled accordingly. ***See*** N.T., 10/11/16, at 5-6 (trial court stating "the Commonwealth has stipulated that no blood test results will be used for prosecution purposes either for grading or as inculpatory evidence."). Thus, we only need to determine whether the evidence was highly prejudicial. "To demonstrate prejudice, the petitioner must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable

probability is a probability sufficient to undermine confidence in the outcome of the proceeding." ***Commonwealth v. King***, 57 A.3d 607, 613 (Pa. 2012) (quotations and citations omitted).

Appellant asserts that the trial court based its verdict on Appellant's "'condition,' and the only evidence bearing upon her 'condition' was either the BAC results or other inadmissible evidence." Appellant's Brief at 23. The record does not support Appellant's assertion. The PCRA court explained:

> [T]he evidence offered by the Commonwealth at trial was more than adequate to prove the elements of the offenses beyond a reasonable doubt without consideration of the BAC results and the PBT results. The officer's testimony at trial established that [Appellant] was incapable of safely driving her vehicle based on the following evidence: traveling at a high rate of speed in the early morning hours; the odor of an alcoholic beverage emanating from inside [Appellant's] vehicle; [Appellant's] speech was slurred; [Appellant's] eyes appeared glassy and bloodshot; while speaking with the officer, [Appellant] avoided eye contact and didn't want to answer all of his questions; [Appellant] fumbled with the items in her wallet when the officer asked her to produce her driver's license; [Appellant's] performance of the standardized field sobriety tests, walk and turn and the one leg stand, indicated clues of impairment; when the officer conducted the HGN test, he testified that he was up close to [Appellant's] person and smelled the odor of an alcoholic beverage emanating from her person; and, while attempting to stand still, [Appellant] was swaying from side to side.
>
> . . . In deciding [Appellant's] innocence or guilt in this case, the court did not rely on the BAC results or the PBT results. As listed above, all other evidence produced at trial overwhelmingly proved beyond a reasonable doubt that [Appellant] was guilty of [DUI, general impairment] and [speeding].

Order of Court, 2/27/18, at 2.

The record supports the PCRA court. As discussed above, the trial court was presented with ample admissible evidence – independent of Appellant's BAC results – to convict Appellant of DUI, general impairment. Indeed, testimony presented at trial established that Appellant: drove at an excessive speed; smelled of alcohol; had slurred speech and glassy and bloodshot eyes; fumbled with items in her wallet; and demonstrated a level of impairment based upon her performance during standardized field sobriety tests. For these reasons, we find no merit to Appellant's first claim of ineffective assistance of counsel.[2]

In her second claim, Appellant asserts that trial counsel was ineffective for failing to object to the admission of her preliminary breath test (PBT) results. Appellant takes issue with the following exchange that occurred during trial:

[Commonwealth]: And you did administer a PBT, pre-breath test?

[Officer Miller]: I did.

_____

[2] Moreover, Appellant neither pleads nor attempts to prove that trial counsel lacked a reasonable basis for not seeking recusal. In a footnote, Appellant simply asserts: "What possible larger strategic, tactical, or reasonably calculated plan to advance [Appellant's] interest could've been served by permitting [the trial judge] to sit as the fact-finder? There was none, and that point wouldn't have been contested by trial counsel." Appellant's Brief at 28 n.74. This statement does not meet the requirements of the PCRA as developed through case law. "Boilerplate allegations and bald assertions of no reasonable basis and/or ensuing prejudice cannot satisfy a petitioner's burden." *Commonwealth v. Paddy*, 15 A.3d 431, 433 (Pa. 2011). Accordingly, we likewise conclude that Appellant's ineffective assistance of counsel claim fails because Appellant failed to prove that trial counsel lacked a reasonable basis for not seeking recusal.

[Commonwealth]: Was it positive for alcohol?

[Officer Miller]: It was positive, yes.

N.T., 11/18/16, at 14. Appellant contends that trial counsel should have objected to the admissibility of the PBT results, and that counsel's failure to object constituted ineffective assistance of counsel.

PBT results are not admissible in a DUI trial in this Commonwealth. *Commonwealth v. Marshall*, 824 A.2d 323, 328 (Pa. Super. 2003). The statute authorizing the use of PBT explicitly states that "[t]he sole purpose of this [PBT] test is to assist the officer in determining whether or not the person [suspected of DUI] should be placed under arrest." 75 Pa.C.S.A. § 1547(k). Thus, Appellant's claim that trial counsel was ineffective for failing to object to the admission of the PBT has arguable merit.

We turn, then, to whether trial counsel's error resulted in prejudice, and conclude that it did not. Officer Miller offered comprehensive testimony about his observations, beginning with Appellant driving at an excessive speed during early morning hours, and then exhibiting numerous signs of intoxication, which altogether supported Appellant's conviction of DUI, general impairment. Appellant's argument appears to be based on this Court viewing the PBT results as the only or integral evidence of Appellant's guilt, rather than viewing all of the evidence under the totality of the circumstances. Since there was ample admissible evidence to convict Appellant without the PBT results, trial counsel's failure to object to the admission of the PBT results constitutes harmless error.

- 8 -

Furthermore, Appellant was convicted following a bench trial. "It is presumed that a trial court, sitting as factfinder, can and will disregard prejudicial evidence." *Commonwealth v. Miller*, 987 A.2d 638, 670 (Pa. 2009) (citations omitted). Appellant has failed to show that trial counsel's inaction had the unavoidable effect of "undermining the neutrality" of the trial court, as fact-finder, "so as to preclude the rendering of a true verdict." *See Commonwealth v. Kennedy*, 959 A.2d 916, 923-24 (Pa. 2008) (citation omitted). Because Appellant did not demonstrate that trial counsel's failure to object improperly influenced the trial court and denied Appellant a fair trial, she cannot prove prejudice, and her second claim lacks merit.

For her third claim, Appellant argues that the PCRA court erred in concluding that trial counsel was not ineffective for failing to request a judgment of acquittal. Appellant argues that insufficient evidence was presented to prove that she "imbib[ed] a sufficient amount of alcohol" to support her conviction, and thus a judgment of acquittal was warranted. Appellant's Brief at 35; *see also* 75 Pa.C.S.A. § 3802(a)(1).

Appellant was convicted of DUI, general impairment, under 75 Pa.C.S.A. § 3802(a)(1), which provides in relevant part:

§ 3802. Driving under influence of alcohol or controlled substance

**(a)  General impairment.—**

1) An individual may not drive, operate or be in actual physical control of the movement of a vehicle after imbibing a sufficient amount of alcohol such that the individual is rendered incapable of safely driving,

> operating or being in actual physical control of the movement of the vehicle.

75 Pa.C.S.A. § 3802(a)(1).

"[S]ubsection 3802(a)(1) is an 'at the time of driving' offense, requiring that the Commonwealth prove the following elements: the accused was driving, operating, or in actual physical control of the movement of a vehicle during the time when he or she was rendered incapable of safely doing so due to the consumption of alcohol." **Commonwealth v. Segida**, 985 A.2d 871, 879 (Pa. 2009). With respect to the type, quantum, and quality of evidence required to prove a general impairment violation under Section 3802(a)(1):

> Section 3802(a)(1), like its predecessor [DUI statute], is a general provision and provides no specific restraint upon the Commonwealth in the manner in which it may prove that an accused operated a vehicle under the influence of alcohol to a degree which rendered him incapable of safe driving . . . . The types of evidence that the Commonwealth may proffer in a subsection 3802(a)(1) prosecution include but are not limited to, the following: the offender's actions and behavior, including manner of driving and ability to pass field sobriety tests; demeanor, including toward the investigating officer; physical appearance, particularly bloodshot eyes and other physical signs of intoxication; odor of alcohol, and slurred speech. Blood alcohol level may be added to this list, although it is not necessary . . . . Regardless of the type of evidence that the Commonwealth proffers to support its case, the focus on subsection 3802(a)(1) remains on the inability of the individual to drive safely due to the consumption of alcohol – not on a particular blood alcohol level.

**Id.**

Appellant's claim implicates this Court's review of the sufficiency of the evidence on direct appeal. As noted above, this Court previously reviewed the sufficiency of the evidence. **See Commonwealth v. Zamperini**, 191

WDA 2017 (Pa. Super. July 28, 2017) (unpublished memorandum). Viewing the evidence in the light most favorable to the Commonwealth as verdict winner, we found the evidence sufficient "to show Appellant was operating her vehicle and had 'imbibe[d] a sufficient amount of alcohol such that [she was] rendered incapable of safely driving' under section 3802(a)(1)." *Id.* at *9 (citing 75 Pa.C.S.A. § 3802(a)(1)).

Appellant's third claim is essentially an attempt to re-litigate the sufficiency of the evidence by attacking trial counsel's failure to request a judgment of acquittal. Our case law is clear that ineffectiveness claims are distinct issues from those claims raised on direct appeal and should be reviewed under the three-prong ineffectiveness standard. *See Commonwealth v. Collins*, 888 A.2d 564, 573 (Pa. 2006). Nevertheless, in analyzing Appellant's claim under the rubric of trial counsel's ineffectiveness, we find that the claim lacks arguable merit. As noted by this Court in deciding Appellant's direct appeal, the trial court properly examined the evidence presented at trial and found there to be ample evidence to support Appellant's conviction. *Zamperini*, 191 WDA 2017, at *8-9 (quoting Trial Court Opinion, 3/16/17, at 2). As our Supreme Court made clear in *Collins*, although we will analyze a distinct claim of ineffectiveness that is based on the underlying issue decided on direct appeal, in many cases those claims will fail for the same reasons they failed on direct appeal. *Id.* at 574-75. This Court addressed the sufficiency of the evidence on direct appeal, and in the instant appeal, Appellant has not demonstrated arguable merit to her claim that trial counsel

should have requested a judgment of acquittal because the evidence presented at trial was insufficient to prove that she was guilty of DUI, general impairment. Appellant's third claim lacks merit.

In her fourth and final claim, Appellant asserts that her sentence is illegal because the record lacks evidence of a prior-DUI conviction. Appellant argues that the criminal information, without more, was insufficient to prove that Appellant's conviction was a second offense. Accordingly, Appellant contends that her sentence, which is commensurate with a second-offense DUI conviction, is illegal and should be vacated.

We begin by noting that a challenge to the legality of a sentence cannot be waived and is cognizable under the PCRA pursuant to 42 Pa.C.S.A. § 9543(a)(2)(vii). **Commonwealth v. Jones**, 932 A.2d 179, 182-83 (Pa. Super. 2007) (jurisdictional limitations may render a claim incapable of review, but a challenge to the legality of sentence cannot be waived). Issues relating to a legality of sentence claim are questions of law and, as such, our standard of review is *de novo* and our scope of review is plenary. **Commonwealth v. Ousley**, 21 A.3d 1238, 1242 (Pa. Super. 2011), **appeal denied**, 30 A.3d 487 (Pa. 2011).

The penalty for a DUI, general impairment conviction is as follows:

> **(a)  General Impairment.—**Except as set forth in subsection (b) or (c), an individual who violates section 3802(a) (relating to driving under influence of alcohol or controlled substance) shall be sentenced as follows:

> *    *    *

- 12 -

(2) For a second offense, to:

(i) undergo imprisonment for not less than five days;

(ii) pay a fine of not less than $300 nor more than $2,500;

(iii) attend an alcohol highway safety school approved by the department; and

(iv) comply with all drug and alcohol treatment requirements imposed under sections 3814 and 3815.

75 Pa.C.S.A. § 3804(a).

Upon review, we are unconvinced by Appellant's argument that the lack of evidence presented to assure the trial court that the prior conviction "probably belonged to [Appellant]" rendered her sentence illegal. Appellant's Brief at 38 (quoting *Commonwealth v. Neysmith*, 192 A.3d 184, 190 (Pa. Super. 2018). At sentencing, Appellant indicated to the trial court that she understood she was subject to the sentencing enhancements of a second-offense DUI. *See* N.T, 1/19/17, at 2 (stating, "Yes, Your Honor. Yes, we're aware of the mandatory sentence [Appellant] will receive for this.").

Additionally, the sentencing enhancement of 75 Pa.C.S.A. § 3802(a)(1):

does not provide for any fact-finding, nor does it make the increased maximum sentence contingent on any factual question that has not already been determined. The fact of a prior conviction stands alone; it does not require a presumption – it either exists as a matter of public record or it does not.

*Commonwealth v. Aponte*, 855 A.2d 800, 811 (Pa. 2004).

Appellant does not dispute that her prior DUI conviction is a matter of public record. Thus, we are not persuaded that Appellant's sentence of five days to six months incarceration for a second-offense DUI was illegal.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/28/2019