398 A.2d 1016

COMMONWEALTH of Pennsylvania

v.

Joseph U. LEWIS, Appellant.

Supreme Court of Pennsylvania.

Submitted Jan. 18, 1979.

Decided March 16, 1979.

Michael J. Stack, Jr., Philadelphia, for appellant.

Robert B. Lawler, Chief, Appeals Div., Michael Stiles, Philadelphia, for appellee.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, NIX, MANDERINO and LARSEN, JJ.

## OPINION

LARSEN, Justice.

Following a jury trial, in July of 1975, the appellant, Joseph Lewis, was convicted of five separate counts of

208

murder of the first degree. Post verdict motions were denied and appellant was sentenced to five concurrent terms of life imprisonment. This direct appeal followed.

The evidence [1] produced at trial established that on the night of January 5, 1975, the appellant shot and killed five men. Several hours prior to the occurrence of the murders, appellant had lost money while gambling with Robert Long, one of the murder victims. The appellant believed that Long was guilty of cheating him while they were gambling. Appellant, armed with a gun, located Long and four other individuals in a house across the street from the residence where he had been gambling. A witness who was on the second floor of the house when appellant entered, testified at trial that she could hear the men downstairs arguing. According to her testimony, the argument was followed immediately by the sounds of several shots being fired. The police found four bodies inside the house, and one body laying on the street near to the house. Each victim had suffered a single fatal gunshot wound. Early the next morning, appellant fled to Georgia. A federal fugitive flight warrant [2] was issued and appellant was arrested by federal agents in Georgia on January 15, 1975. On January 17, the appellant waived extradition proceedings and was returned to Philadelphia to stand trial.

██ Appellant's first contention is that his statement admitting the killing of the five victims should have been suppressed because he was arrested without probable cause. It is a firmly established principle of law that probable cause exists where "the facts and circumstances within the arresting officers' knowledge and of which they had reasonably trustworthy information, were sufficient in themselves to warrant a man of reasonable caution in the belief" that the

1. A review of the record conducted pursuant to the Act of February 15, 1870, P.L. 15, § 2, 19 P.S. § 1187 reveals that there was sufficient evidence to support the jury's verdict.

2. Pursuant to 18 U.S.C. § 1073.

suspect had committed or is committing a crime. *McCray v. Illinois*, 386 U.S. 300, at 304, 87 S.Ct. 1056, at 1059, 18 L.Ed.2d 62 (1967); *Commonwealth v. Carter*, 444 Pa. 405, at 409–10, 282 A.2d 375, at 377 (1971). In this case, the police detective who applied for appellant's arrest warrant provided extensive testimony at the suppression hearing which clearly established probable cause. The officer reviewed in detail information incriminating to appellant which he had received from three named witnesses who later testified at appellant's trial.

This testimony included the following facts: A young man, who was attracted to the window of a neighboring house by the sound of gunfire, identified the appellant as the person he saw standing in a beige trenchcoat on the street over the body of one of the victims. This witness also told police that he saw appellant placing something which looked like a gun in his waistband before he walked from the scene. Another witness told police that appellant had been playing cards with one of the victims earlier in the day, and that appellant was wearing a beige trenchcoat at that time. Appellant's girlfriend told police she had seen appellant, immediately prior to the murders, a short distance from the scene. At that time, appellant told her to wait for him in a nearby bar because he didn't want her to get involved and that he had been cheated out of his money.

In support of his contention that the above evidence was insufficient to establish probable cause for arrest, appellant argues that the record is devoid of any evidence proving the reliability of the three witnesses who implicated the appellant. However, the trustworthiness and reliability of the above witnesses and the information they provided, is established by the fact that each statement to some degree corroborated the incriminating information given in the other statements. *Commonwealth v. Dickerson*, 468 Pa. 599, 364 A.2d 677 (1976). Hence, there was probable cause to arrest appellant.

■ Three days after the murders, the police obtained a warrant for appellant's arrest. Appellant next contends that his arrest was unlawful because said warrant was defective due to the fact that the probable cause recited above was not presented to the issuing authority (Municipal Court Judge) as required by Pa.R.Crim.P. Rule 134.[3] However, the appellant's arrest was effected pursuant to a federal fugitive flight warrant. Such a warrant has been held to be valid despite any alleged defect in the state warrant in *Roynica v. State*, 54 Ala.App. 436, 309 So.2d 475 (1974), *cert. denied* 293 Ala. 772, 309 So.2d 485 (1974), *cert. denied* 423 U.S. 858, 96 S.Ct. 111, 46 L.Ed.2d 85 (1975), which held:

> There was no duty on the part of the federal magistrate to go behind the state warrant of arrest for murder and investigate the validity *vel non* of such state warrant, which as we have already stated, was prima facie evidence of probable cause. 309 So.2d 475, at 479.

In the instant case, the federal agent who requested the flight warrant had reliable information from the Philadelphia District Attorney's office that a state warrant was issued and outstanding. Under these circumstances, the United States Magistrate had a lawful right to issue the flight warrant which led to appellant's arrest. Hence, appellant's arrest was lawful.[4]

Judgments of sentence affirmed.

ROBERTS, NIX and MANDERINO, JJ., concur in the result.

---

**3.** *Note*: This Court observed in *Commonwealth v. Whitson*, 461 Pa. 101, 334 A.2d 653 (1975), that an arrest warrant which is defective for failure to recite probable cause before the issuing authority will not render the subsequent arrest illegal where, as here, the knowledge possessed by the officer who ordered the arrest is sufficient to establish probable cause for a warrantless arrest.

**4.** Additionally, appellant contends that his confession was obtained in violation of Pa.R.Crim.P. Rule 123, and that the trial court erred in refusing to admit into evidence the entire criminal records of the victims in this case. We have reviewed the record and found both of these contentions to be without merit.