417 A.2d 648

**COMMONWEALTH of Pennsylvania**

v.

**Franklin A. FODERO, Sr., Appellant.**

Superior Court of Pennsylvania.

Submitted March 23, 1979.

Filed Dec. 21, 1979.

Mark S. Refowich, Easton, for appellant.

William H. Platt, District Attorney, Allentown, for Commonwealth, appellee.

Before PRICE, SPAETH and LIPEZ, JJ.

SPAETH, Judge:

Appellant was convicted of conspiracy to receive stolen property, receiving stolen property, and hindering apprehension. Appellant's post-verdict motions were denied and he was sentenced to eight to eighteen months in prison and fined $1,000. On this appeal appellant argues that the lower court erred in refusing a requested point for charge.[1]

Viewed in the light most favorable to the Commonwealth as the verdict winner, the evidence in this case may be stated as follows. On July 21, 1975, cigarettes worth $48,000 were stolen from the Lehigh Wholesale Grocery. A few days later—on July 23 or 24—Charles Sipple was at Harry Phillips's junkyard in Montgomery County when Phillips asked him if he would store some cigarettes. When Sipple

---

1. Appellant also argues (1) that the evidence was insufficient to convict him of hindering apprehension; (2) that the evidence was insufficient to convict him of conspiracy; and (3) that the crimes of conspiracy and hindering apprehension merged under section 906 of the Crimes Code. In claiming that the evidence was insufficient to convict him of hindering apprehension, appellant argues that he could not be guilty as an accessory—a hinderer—where he was a principal to the conspiracy. He also argues that the act of concealing the cigarettes to hinder apprehension was inevitably incident to his participation in the conspiracy. He makes a similar argument with respect to his conspiracy conviction. These issues were treated at length by Judge WIEAND for the court below, and we have nothing to add to his analysis.

agreed to do so, Phillips directed him to Michael Kleinovitch and appellant, who were standing in the junkyard. Kleinovitch told Sipple about the cigarettes from the Lehigh Wholesale Grocery, and said that they had been stored in an abandoned apartment in Hellertown. He and appellant then made arrangements with Sipple to deliver the cigarettes to Sipple's garage in Lehigh County. A few evenings later, Kleinovitch, appellant, and an unidentified third person brought a dump truck full of cigarettes to Sipple's garage. Two other deliveries were made on later evenings by Kleinovitch, appellant, and the third person. A few days after the delivery of the cigarettes had been completed, Sipple went to see Phillips at the junkyard in response to an urgent telephone call Phillips had made to him. Phillips told Sipple to move the cigarettes because the state police had obtained a search warrant for Sipple's garage. Later that same evening Sipple moved the cigarettes to the house of his friend, Richard Gross. Later Kleinovitch and Sipple went to Gross's house to get some of the cigarettes. A few days later the state police, acting pursuant to a warrant, searched Gross's house and seized the cigarettes.

Sipple testified for the Commonwealth and was the main witness against appellant and the others. At the close of all the testimony appellant requested the following point for charge:

> 5. The uncorroborated testimony of an accomplice is looked upon with disfavor. Because its source is corrupt, you should not ordinarily rely on it unless corroboration is present.

Judge WIEAND refused this point, stating that his charge had already fully covered the subject. Judge WIEAND's charge was as follows:

> I am sure that you recognize that the testimony of Charles Sipple is of considerable importance in this case. His testimony, if it is believed, would demonstrate that he was an accomplice in the receiving of stolen property. Whether or not he was, of course, is for you to determine from all of the evidence.

If you find that he was an accomplice then there are some things that you ought to know about his testimony and the manner in which you may consider it.

Experience shows that after being caught in the commission of a crime a person sometimes falsely blames others because of some wicked and corrupt motive which he may have. On the other hand, there are instances where such a person tells the truth about how he and others committed the crime together.

In deciding whether or not to believe Sipple's testimony you may be guided by the following principles which certainly warrant your consideration.

First, the testimony of Sipple, if he is an accomplice, should be looked upon with disfavor because it comes from a corrupt and polluted source. Therefore, you should examine Sipple's testimony closely and accept it only with caution and with care.

You should also consider whether Sipple's testimony concerning the involvement of the three defendants in these cases is supported in whole or in part by evidence other than his testimony, for if you were to find that it was corroborated by other evidence you could find that it was more dependable.

Now there are certain areas in which you could find corroboration.

You could find that Sipple was corroborated in part by the testimony of his wife. You could find that his testimony was corroborated in part by the testimony of various persons that he and the three defendants were present together at the junkyard of Mr. Phillips on a date late in July of 1975. You could find that his testimony was corroborated in part by the testimony of Fodero and Klenovich who agreed that they had helped to unload cases of cigarettes at his place, and that they had done so from a dump truck which was used to carry those cigarettes. But whether or not there is corroboration, you may accept his testimony if you believe that it has a ring

of truth about it. Indeed, you may find a defendant guilty based solely on Sipple's testimony, even though it is not supported by corroborating evidence, if you are satisfied that it is truthful and correct.

By way of summary, even though you decide that Sipple is an accomplice of these defendants his testimony standing alone is sufficient evidence on which to find the defendants guilty if, after following the principles which I have outlined for you, you are convinced beyond a reasonable doubt that he testified truthfully and that these defendants committed one or more of the crimes with which they are charged.

In this respect the defendant has submitted several points for charge.

We are going to affirm the sixth point for charge which correctly sets forth the law in this respect. The other points pertaining to this matter I have already covered. "6. You should scrutinize Charles Sipple's testimony very carefully and you should not accept it unless it carries with it a clear conviction of truthfulness."

Charge of the lower court pp. 25–27.

It is settled that "a trial judge is not required to accept a requested instruction verbatim, even if legally correct and timely filed. The court is free to select its own form of expression, so long as the issue is adequately, accurately and clearly presented to the jury." *Commonwealth v. Gardner,* 246 Pa.Super. 582, 590, 371 A.2d 986, 989 (1977); *see Commonwealth v. Cartegena,* 482 Pa. 6, 393 A.2d 350 (1978); *Commonwealth v. McComb,* 462 Pa. 504, 341 A.2d 496 (1975). "Where the basic charge properly covers a requested point, it is not error for a trial judge to refuse to give additional instructions." *Commonwealth v. Gardner, supra* ; *see Commonwealth v. Newsome,* 462 Pa. 106, 337 A.2d 904 (1975).

Appellant's requested point for charge was based on language contained in *Commonwealth v. Bubna,* 357 Pa. 51, 67, 53 A.2d 104, 112 (1947). Judge WIEAND's charge was that

set forth in the Draft of Proposed Instructions for Criminal Cases of the Pennsylvania Supreme Court Committee for Proposed Standard Jury Instructions, § 4.03 (May 15, 1972). The issue, therefore, is whether the Proposed Standard Instruction "adequately, accurately and clearly" covers the issue of accomplice testimony.

In any case where an accomplice implicates the defendant, the judge should tell the jury that the accomplice is a corrupt and polluted source whose testimony should be viewed with great caution. *See Commonwealth v. Thomas,* 479 Pa. 34, 387 A.2d 820 (1978); *Commonwealth v. Sisak,* 436 Pa. 262, 259 A.2d 428 (1969); *Commonwealth v. Turner,* 367 Pa. 403, 80 A.2d 708 (1951); *Commonwealth v. Bubna, supra* ; *Commonwealth v. Rhodes,* 250 Pa.Super. 210, 378 A.2d 901 (1977); *Commonwealth v. Darnell,* 179 Pa.Super. 461, 116 A.2d 310 (1955). If not required, it is at least better practice for the judge to explain why the testimony of the accomplice should be viewed with great caution,[2] and the effect of corroborating evidence on the weight to be attached to the accomplice's testimony. *See Commonwealth v. Bubna, supra.* Also, the judge may explain that the jury may convict the defendant even upon the testimony of an uncorroborated accomplice if the jury should find that testimony to be true and the defendant to be guilty beyond a

2. In *Bubna* the Court said:

  While it is the better practice for a trial judge to explain to a jury *why* the testimony of an accomplice should be considered with "close scrutiny", i. e., carefully and critically, it is reasonable to believe that the average juror possesses sufficient intelligence to understand without specific instructions why the testimony of an accomplice is to be viewed with some suspicion and why it is not to be accepted unless it carries with it a clear conviction of its truthfulness. It is a matter of general knowledge that partners in crime are likely when apprehended to cast the chief blame on each other. It is also equally well known that partners in crime sometimes do tell the truth as to the commission of the crime. The administration of justice in criminal cases would be seriously handicapped if there was any rule that the testimony of an accomplice could not be received, or that it alone would never be sufficient to justify a conviction.
  357 Pa. at 66–67, 53 A.2d at 111 (emphasis in original)

reasonable doubt. *See Commonwealth v. Gordon*, 254 Pa. Super. 267, 385 A.2d 1013 (1978).

■ The Proposed Standard Instruction adequately, accurately and clearly covers the issue of accomplice testimony, for it includes each of these propositions. It is true that the language of the Court in *Bubna* differs somewhat from that of the Proposed Standard Instruction; it does not, however, contradict the Instruction.[3]

■ Appellant argues that the judge also must instruct the jury that "if there is no corroboration this is a minus factor." We disagree. There is no need to instruct the jury as to both the positive effect of corroboration and the negative effect of a lack of corroboration. So long as the judge instructs the jury that the existence of corroboration is a factor to be considered in weighing the accomplice's testimony, the judge will fulfill his duty with respect to the accomplice testimony instruction.

Affirmed.

**3.** The statement in *Bubna*, upon which appellant based his requested point for charge, was as follows:

> In *Commonwealth v. Elliott*, 292 Pa. 16, [140 A. 537, 539,] this court declared that: ". . . there is no rule of law in this State which forbids a conviction on the uncorroborated testimony of an accomplice. While the law permits a conviction on the testimony of an accomplice, yet it looks with disfavor on this character of proof, and, because the source of such evidence is corrupt, it is usual and correct practice to admonish jurors not to rely upon it unless corroborated. The extent of the admonishment is a matter within the discretion of the trial judge, but the fact that such a warning is usual has given rise to the expression that it is a 'time-honored rule' that the court shall caution jurors against convicting upon the testimony of an uncorroborated accomplice particularly when such testimony goes to the identification of the person accused."
> 357 Pa. at 67, 53 A.2d at 112. (citations omitted)

Neither we nor appellant interpret this statement to mean anything more than that the judge should warn the jury to exercise caution in considering an accomplice's testimony, especially where the testimony is uncorroborated. A jury may still convict a defendant based upon such uncorroborated testimony alone, if, after exercising the appropriate caution, it nevertheless finds guilt proved beyond a reasonable doubt. *See Commonwealth v. Gordon, supra.*