500 A.2d 453

**COMMONWEALTH of Pennsylvania**

v.

**George H. SIRBAUGH, Appellant.**

Superior Court of Pennsylvania.

Argued Dec. 5, 1984.

Filed Oct. 25, 1985.

Robert P. Petyak, Ebensburg, for appellant.

Ralph F. Kraft, Assistant District Attorney, Johnstown, for Commonwealth, appellee.

Before CIRILLO, TAMILIA and MONTGOMERY, JJ.

CIRILLO, Judge:

This is an appeal from the judgment of sentence entered by the Court of Common Pleas of Cambria County. We affirm.

On January 17, 1980 appellant was arrested by the Johnstown police pursuant to an arrest warrant. The warrant was issued as a result of the department's investigation of numerous burglaries that were committed in the Johnstown area. Following a waiver of his right to an attorney, appellant voluntarily made statements concerning fifty-five sites that he and his accomplice had burglarized. Consequently, appellant was charged and tried on multiple counts of burglary, theft, receiving stolen goods, criminal attempt, and conspiracy.

Prior to trial, the court deleted portions of many of the statements made by appellant during his time in police custody. Appellant objected to receiving the statements in their deleted form and petitioned for complete transcripts. The trial court denied these requests as well as appellant's request for a change of venue before consolidating the charges against appellant and his co-defendants into three groups and holding jury trials for each.

Appellant was convicted of sixteen counts of burglary, six counts of theft, nine counts of theft by unlawful taking, fifteen counts of receiving stolen property, one count of attempted burglary, and four counts of criminal conspiracy. Following his conviction, appellant filed timely motions for

a new trial and arrest of judgment. The trial court denied these motions.

The following issues are raised on this appeal: 1) did the trial court err by denying appellant's motion for change of venue due to pre-trial publicity; 2) did the trial court improperly delete materials from statements made by appellant and co-defendants prior to releasing those statements to defense counsel for inspection; 3) did the trial court err in failing to suppress the confession of the appellant; 4) did the trial court improperly consolidate the charges and the several defendants for trial; 5) did the trial judge err in failing to disqualify himself from trying the case after appellant's motion for recusal; 6) did the trial court err by failing to instruct the jury properly on the insanity defense; 7) did the trial court err in refusing appellant's request to charge the jury that after a return of a verdict of not guilty by reason of insanity, there is a possibility of psychiatric treatment and committment of the appellant; 8) did the trial court err by failing to charge the jury on corroboration of the testimony of accomplices as requested by appellant; 9) did the trial court err in refusing to permit the jury to determine from the evidence that appellant was insane at the time of the crimes; 10) did the trial court err by striking psychiatric testimony concerning circumstances which might have affected the voluntariness of appellant's confession; and 11) was the sentence imposed by the trial court excessive.

Before we begin our analysis of the substantive issues presented in this appeal, we must note our disapproval of the length of appellant's brief which is in excess of sixty pages. Appellant presents fourteen separate issues covering nearly three pages, thereby violating Pa.R.A.P. 2116(a). We call attention to the remarks of Aldisert, J., quoted in the case of *United States v. Hart*, 693 F.2d 286, 287 n.1 (3rd Cir.1982).

With a decade and a half of federal appellate court experience behind me, I can say that even when we reverse a trial court it is rare that a brief successfully

demonstrates that the trial court committed more than one or two errors. I have said in open court that when I read an appellant's brief that contains ten or twelve points, a presumption arises that there is no merit to *any* of them. I do not say that it is an irrebuttable presumption, but it is a presumption that reduces the effectiveness of appellate advocacy. Appellate advocacy is measured by effectiveness, not loquaciousness.

*See also Commonwealth v. Klinger*, 323 Pa.Super. 181, 470 A.2d 540 (1983).

I

Appellant alleges that various pre-trial media references to himself and his co-defendants as the "pillow-case" gang created a hostile community atmosphere and made the impanelling of an impartial jury impossible. Appellant asserts that his motion for a change of venue should have been granted under these circumstances.

The mere existence of pre-trial publicity does not warrant a presumption of prejudice. *Commonwealth v. Keeler*, 302 Pa.Super. 324, 448 A.2d 1064 (1982). Similarly, a possibility that prospective jurors will have formed an opinion based on news accounts will not suffice. *Commonwealth v. Jackson*, 336 Pa.Super. 609, 486 A.2d 431 (1984); *see also Commonwealth v. Arnold*, 331 Pa.Super. 345, 480 A.2d 1066 (1984). The burden is on the moving party to show actual and unyielding prejudice among jurors. *Commonwealth v. Pierce*, 451 Pa. 190, 303 A.2d 209, *cert. denied*, 414 U.S. 878, 94 S.Ct. 164, 38 L.Ed.2d 124 (1973); *Commonwealth v. Arnold, supra.* It is a matter committed to the sound discretion of the trial court to grant a motion for change of venue and its decision will not be disturbed absent an abuse of that discretion. *Commonwealth v. Jackson, supra; Commonwealth v. Hamm*, 325 Pa.Super. 401, 473 A.2d 128 (1984) (allocatur denied). *See also Commonwealth v. Keeler*, 302 Pa.Super. 324, 448 A.2d 1064 (1982). In reviewing the trial court's decision, the only legitimate inquiry is whether any juror formed a fixed

opinion of the defendant's guilt or innocence as a result of the pre-trial publicity. *Commonwealth v. Kichline*, 468 Pa. 265, 361 A.2d 282 (1976); *Commonwealth v. Jackson, supra.*

██ Appellant argues that the mere volume of publicity and its "slanted nature" rendered it impossible to assemble an impartial jury. This case involved lengthy pre-trial hearings concerning publicity during which the trial court conducted its own voir dire examination. The jury members indicated that they were not familiar with the terms used by the media. Publicity will only necessitate a change of venue when it is so overwhelming that it saturates the community and is so close in time to the trial that the possible prejudice to prospective jurors could not have dissipated. Short of such prejudice, we will not find an abuse of discretion in denying a motion for a change of venue. *Commonwealth v. Casper*, 481 Pa. 143, 392 A.2d 287 (1978). Accordingly, we find no merit in appellant's assertion that the publicity was inherently inflammatory and appellant did not meet the burden of showing actual prejudice.

## II

Appellant next argues that the trial court improperly deleted materials from statements of co-defendants inculpating appellant. Appellant bases his argument on Pa.R. Crim.P. Rule 305(B), which provides for disclosure of evidence to a defendant by the Commonwealth. However, Rule 305(B) is subject to Rule 305(F) which allows the trial court to issue protective orders:

Upon a sufficient showing, the court may at any time order that the discovery or inspection be denied, restricted or deferred, or make such other order as is appropriate. Upon motion of any party, the court may permit the showing to be made, in whole or in part, in the form of a written statement to be inspected by the court *in camera*. If the court enters an order granting relief following a showing *in camera*, the entire text of the statement

shall be sealed and preserved in the records of the court to be made available to the appellate court(s) in the event of an appeal.

Pa.R.Crim.P. 305(F).

In *Commonwealth v. Bonasorte,* 337 Pa.Super. 332, 486 A.2d 1361 (1984), this Court held that it is within the discretionary power of the trial court to determine whether or not to order production of an informant. *Id.* The case at bar presents similar circumstances. Here the trial court *in camera* edited certain portions of the statements in order to protect, 1) co-defendants who were not being tried at the time; 2) other named individuals who were not yet charged with specific crimes; 3) the names of those people still under investigation; and 4) the names of investigating officers who may have been involved in the investigation itself. The Supreme Court of the United States has held:

> The problem is one that calls for balancing the public interest in protecting the flow of information against the individuals right to prepare his defense. Whether a proper balance renders non-disclosure erroneous must depend on the particular circumstances of each case, taking into consideration the crime charged, the possible defenses, the possible significance of the testimony and other relevant factors.

*Rovario v. United States,* 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957).

■ In the case *sub judice* the trial court was merely acting within its discretion in order to protect certain individuals. The full record, which was sealed and preserved in accordance with 305(F), indicates that the deleted portions of the statements did not prejudice appellant particularly since the statements were eventually suppressed.

## III

Appellant also asserts that certain statements made by him after his arrest were involuntary and should not have been admitted as evidence because: (1) the statements were psychologically coerced from appellant through implied and

direct promises of the arresting detective; and (2) the arrest of appellant was illegal in that the arrest warrant was not supported by probable cause.

It is the responsibility of the suppression court to determine the credibility of witnesses and the weight accorded their testimony. *Commonwealth v. Reynolds,* 300 Pa.Super. 143, 146, 446 A.2d 270, 272 (1982); *Commonwealth v. Butch,* 257 Pa.Super. 242, 390 A.2d 803 (1978).

> The suppression court, which hears and evaluates the testimony, is required to make findings of fact and conclusions of law ... The court must determine whether the Commonwealth has established by a preponderance of the evidence that the confession was voluntary and that the waiver of constitutional rights was knowing and intelligent ... Our responsibility on review is "to determine whether the record supports the factual findings of the court below and the legitimacy of the inferences and legal conclusions drawn from those findings." .. In making this determination, this Court will consider only the evidence of the prosecution's witnesses and so much of the evidence for the defense as, fairly read in the context of the record as a whole, remains uncontradicted. *Commonwealth v. Kichline,* 468 Pa. 265, 279, 361 A.2d 282, 290 (1976) (cites omitted). We will consider all of the attendant circumstances to determine if it was sufficiently demonstrated that appellant's decision to speak was the product of a free and unconstrained choice and that the waiver of his constitutional rights was a knowing, intelligent and voluntary choice.

*Commonwealth v. Lark,* 316 Pa.Super. 240, 462 A.2d 1329 (1983), *affirmed* 505 Pa. 126, 477 A.2d 857 (1984).

The Pennsylvania Rules of Criminal Procedure 323(i), Suppression of Evidence provides:

> (i) At the conclusion of the hearing, the judge shall enter on the record, a statement of findings of fact and conclusions of law as to whether the evidence was obtained in violation of the defendant's rights, or in

violation of these rules or any statute, and shall make an order granting or denying the relief sought.

The trial court complied with Rule 323(i) before denying appellant's motion to suppress in making the following findings: 1) whether the officers gave the proper Miranda warnings to appellant; 2) the time involved in taking the statement; 3) whether appellant was in any way confused by the proceedings; and 4) the condition of appellant's detention.

■■■■■ The suppression court listened to testimony given by both sides and reached its decision based on that testimony; the court determined appellant's statements were made without coercion. The fact-finder is free to believe all, or part, or none of a defendant's testimony. *Commonwealth v. Hinchcliff,* 479 Pa. 551, 388 A.2d 1068 (1978) *cert. denied,* 439 U.S. 989, 99 S.Ct. 588, 58 L.Ed.2d 663 (1978). We have no reason to dispute those findings. Accordingly, we hold that the trial court was correct in not suppressing the statements made by appellant after his arrest. Furthermore, we find no merit in appellant's argument that his statements were the product of an illegal arrest.

Probable cause to arrest exists where " 'the facts and circumstances within the arresting officers' knowledge and of which they had reasonably trustworthy information, were sufficient in themselves to warrant a man of reasonable caution in the belief' that the suspect had committed or is committing a crime." *Commonwealth v. Lewis,* 484 Pa. 206, 208, 398 A.2d 1016, 1018 (1979), quoting *McCray v. Illinois,* 386 U.S. 300, 304, 87 S.Ct. 1056, 1058, 18 L.Ed.2d 62 (1967); *Commonwealth v. Wise,* 298 Pa.Super. 485, 444 A.2d 1287 (1982). *See also Commonwealth v. Pytak,* 278 Pa.Super. 476, 420 A.2d 640 (1980).

■■■■ The test for probable cause to arrest is not one of certainties, but rather of probabilities dealing with the considerations of everyday life. It is not equivalent to the 'proof beyond a reasonable doubt' standard applied in a criminal trial. *Commonwealth v. Jenkins,* 288 Pa.Super.

232, 431 A.2d 1023 (1981), *citing Commonwealth v. Dickerson*, 468 Pa. 599, 364 A.2d 677 (1976). A reviewing court should consider this when reviewing the sufficiency of an officer's information. *Commonwealth v. Pytak, supra.*

In the case at bar, the police had a warrant for appellant's arrest. The warrant was obtained pursuant to a burglary investigation by Johnstown police. During the course of the investigation, police received information from the Washington, D.C. police that appellant had been arrested there, and a large sum of money had been confiscated from his car. The money found in appellant's car matched that which was taken from a home in Johnstown, specifically old coins and paper money. Based on the evidence contained in the record *sub judice*, we find that the Commonwealth did have probable cause to obtain a warrant and subsequently arrest appellant.

## IV

Appellant's arguments against consolidation are so similar that we will consider them together. Appellant strenuously opposed the consolidation of the cases for trial, maintaining that the burglaries were individual and distinct acts. We disagree. Where informations arise from the same criminal episode or transaction, consolidation is compulsory. *Commonwealth v. Tarver*, 467 Pa. 401, 357 A.2d 539 (1976); *Commonwealth v. Shirey*, 333 Pa.Super. 85, 481 A.2d 1314 (1984). The determinative element is whether separate charges are based on the same conduct or arise from the same criminal episode. *Commonwealth v. Shirey, supra.* A "criminal episode" has been defined as "an occurrence or connected series of occurrences and developments which may be viewed as distinctive and apart although part of a larger more comprehensive series." *Commonwealth v. Campana*, 452 Pa. 233, 248, 304 A.2d 432, 439 (1973). *See also Commonwealth v. Green*, 232 Pa.Super. 134, 335 A.2d 493 (1975).

■ The rules for consolidation have been adopted to protect a defendant from governmental harassment that might result in subjecting a defendant to successive trials for the same event; it is a matter of judicial administration and economy to assure finality without unduly burdening the judicial process by repititious litigation. *Commonwealth v. Tarver, supra,* 467 Pa. at 408, 357 A.2d at 542. A review of the record shows that the offenses committed by appellant were part of an ongoing series of planned incidents carried out by appellant and his co-defendants. Accordingly, we find consolidation proper.

## V

■ Appellant next argues that the trial judge erred in failing to recuse himself from the case after presiding over the suppression hearing. The mere participation by the trial judge in an earlier stage of the proceeding neither suggests the existence of actual impropriety nor provides a basis for a finding of the appearance of impropriety. *Commonwealth v. Boyle,* 498 Pa. 486, 447 A.2d 250 (1982), *citing, United States v. Lawry,* 77 F.Supp. 301 (E.D.Pa. 1948) *affirmed* 172 F.2d 226 (1948). Here, appellant fails to show that any particular event at the suppression hearing would or could reasonably give rise to impropriety. This Court has stated, that while it may be better practice to have a different judge preside over trial than the judge who has presided over pre-trial proceedings, such practice is not constitutionally required and has not been made the basis for setting aside a verdict reached in an otherwise proper trial. *Commonwealth v. Lewis,* 314 Pa.Super. 298, 304, 460 A.2d 1149, 1152 (1983); *Commonwealth v. Baxter,* 282 Pa.Super. 467, 422 A.2d 1388 (1980). Judicial fact-finders are capable of disregarding prejudicial evidence. *Commonwealth v. Council,* 491 Pa. 434, 421 A.2d 623 (1980); *Commonwealth v. Lewis, supra.*

Furthermore, appellant was tried before a jury which exercised sole responsibility for evaluating the evidence and arriving at a verdict. *Commonwealth v. West,* 270 Pa.Su-

per. 301, 411 A.2d 537 (1980). Consequently, the integrity of the fact-finding process was insulated from any predispositions held by the trial judge who, therefore, was properly qualified to conduct appellant's trial. *Commonwealth v. West, supra; Commonwealth v. Griffith,* 249 Pa.Super. 252, 376 A.2d 253 (1977).

## VI

Appellant next assigns as error several issues concerning his insanity defense. At trial appellant argued that due to a voluntary ingestion of drugs and alcohol, he was insane at the time he committed the acts for which he was eventually convicted. Appellant asserts that the trial judge failed to properly instruct the jury on the test for insanity, and the consequences of an acquittal should he be found insane. Appellant also contends that the court erred in refusing to admit certain evidence relating to appellant's insanity defense.

■■■ We find that appellant improperly asserted the insanity defense. 18 Pa.C.S. § 308 states:

> Neither voluntary intoxication nor voluntary drugged condition is a defense to a criminal charge, nor may evidence of such conditions be introduced to negative the element of intent of the offense, except that evidence of such intoxication or drugged condition of the defendant may be offered by the defendant whenever it is relevant to reduce murder from a higher degree to a lower degree of murder.

*See also Commonwealth v. Hicks,* 483 Pa. 305, 396 A.2d 1183 (1979).

■■■ We find that the trial court acted properly in refusing to admit certain evidence relating to appellant's "insanity" defense. The trial court makes the threshold determination as to whether evidence, from whatever source, is sufficient to raise the issue of insanity. *Commonwealth v. Thompson,* 274 Pa.Super. 44, 417 A.2d 1243 (1979). *Cf., Commonwealth v. Merrick,* 338 Pa.Super. 495,

488 A.2d 1 (1985). The trial court did not abuse its discretion.

## VII

Appellant next argues that the trial court erred in refusing his requested jury charge; specifically, the exclusion of the phrase: "Where two accomplices testify against a confederate defendant, the one accomplice's testimony cannot be considered corroboration of another accomplice's testimony."

The trial judge's charge to the jury was in pertinent part as follows:

Now, in considering the testimony of the accomplices, Charles Yingling and Lester Sirbaugh, experience often shows that being caught in the commission of a crime, a person may falsely blame others because of some corrupt or wicked motive.

On the other hand, sometimes such a person may tell the truth about he [sic] and others committed the crimes together. In deciding whether or not to believe Charles Yingling and Lester Sirbaugh, you should be guided by the following principles which apply specially to their testimony.

The testimony of Charles Yingling and Lester Sirbaugh should be looked upon with disfavor as coming from a corrupt or polluted source. Secondly, you should closely examine the testimony of Charles Yingling and Lester Sirbaugh and accept the testimony of each only with caution and care. Thirdly, you should consider separately whether the testimony of each is supported in whole or in part by other evidence aside from his own testimony for, it is for—if it is supported by independent—it is more dependable.

However, you may not consider the testimony of Charles Yingling as supporting the testimony of Lester Sirbaugh. The testimony of each must be considered separately. You may find the Defendant guilty based on the testimony of Charles Yingling alone or on the testimo-

ny of Lester Sirbaugh alone. And, even though the testimony of the witness on whom you rely is not supported by any independent evidence.

And so, to summarize, even though Charles Yingling and Lester Sirbaugh are accomplices, the testimony of one or the other standing alone or of both standing alone is sufficient evidence on which to find the Defendant guilty, if after following the principle which I layed out you are convinced beyond a reasonable doubt that Charles Yingling and Lester Sirbaugh were telling the truth or that both were telling the truth.

Where an accomplice implicates a defendant, the judge should inform the jury that "the accomplice is a corrupt and polluted source whose testimony should be viewed with great caution." *Commonwealth v. Fodero*, 273 Pa.Super. 278, 283, 417 A.2d 648, 650 (1979). In the case at bar, the trial judge properly informed the jury of the taint associated with testimony by an accomplice.

■■ Appellant's requested point for charge was based on our holding in *Commonwealth v. Bennett*, 220 Pa.Super. 378, 283 A.2d 724 (1971). However, it is well settled that "a trial judge is not required to accept a requested instruction verbatim ... the court is free to select its own form of expression, so long as the issue is adequately, accurately, and clearly presented to the jury." *Commonwealth v. Fodero, supra*, 273 Pa.Super. at 282, 417 A.2d at 650, quoting *Commonwealth v. Gardner*, 246 Pa.Super. 582, 590, 371 A.2d 986, 989 (1977). Where the basic charge covers a requested point, it is not error for a trial judge to refuse to give additional instructions. *Commonwealth v. Gardner, supra*. We find no error in the trial judge's charge to the jury.

## VIII

■■ Appellant's final claim alleges that the trial judge's imposition of sentence was excessive. It is well settled that sentencing is within the discretion of the trial court and will not be disturbed absent an abuse of that

discretion. *Commonwealth v. Parrish*, 340 Pa.Super. 528, 490 A.2d 905 (1985); *Commonwealth v. Martin*, 328 Pa.Super. 498, 477 A.2d 555 (1984). Considering the entire record in this case, including appellant's convictions on fifty-one counts of various offenses, the gravity of the offense, the circumstances of the crimes, appellant's individual background, and the need to protect society, we find that appellant's sentence was individualized and fair.[1]

Judgment of sentence affirmed.

1. Appellant merely argues that the sentence was excessive and as an afterthought adds that the trial judge did not meet the standards of *Commonwealth v. Riggins*, 474 Pa. 115, 377 A.2d 140 (1977): we find appellant waives that issue. "[A] *Riggins* issue is not preserved by merely claiming that the sentence was excessive." *Commonwealth v. Martin, supra*, 328 Pa.Super. at 505, 477 A.2d at 559. We find that the trial court adequately stated on the record its reasons for the sentence imposed and thereby complied with the mandates of *Riggins*.