J-A20026-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| NEAL SPEECE, | |
| Appellant | No. 3133 EDA 2014 |

Appeal from the Judgment of Sentence October 8, 2014
In the Court of Common Pleas of Montgomery County
Criminal Division at No(s): CP-46-CR-0005772-2012

BEFORE:  DONOHUE, SHOGAN, and WECHT, JJ.

MEMORANDUM BY SHOGAN, J.:              **FILED SEPTEMBER 21, 2015**

Appellant, Neal Speece, appeals from the judgment of sentence entered October 8, 2014, following a bench trial where he was convicted of driving under the influence of alcohol ("DUI"), speeding, and failure to stop at a red light.  We affirm.

The trial court summarized the facts of the crime as follows:

> On February 12, 2012, Officer Matthew Tobin ("Officer Tobin") was on patrol duty, dressed in full police uniform, operating an unmarked police vehicle in the Oaks section of Upper Providence Township, Montgomery County, Pennsylvania.  At approximately 2:40 A.M., Officer Tobin was stopped at a red traffic light on Egypt Road when he observed a black vehicle, operated by Appellant, accelerate in front of a tractor trailer truck through a left turn only lane and proceed through the red traffic light, heading westbound on Egypt Road. Officer Tobin sped past the truck in order to catch up with the vehicle.  Based on his belief that the vehicle was speeding, Officer Tobin paced the vehicle for a minimum of three tenths of a mile at 55 miles per hour ("mph") in a posted 35 mph zone,

using a calibrated speedometer that was approved for accuracy by the Department of Transportation. While tracking the speed of the vehicle, Officer Tobin observed the vehicle drive on the shoulder of Egypt Road as well as cross the double yellow lane divider three times. After following Appellant for about a half of a mile, Officer Tobin activated his emergency lights and sirens to conduct a vehicle stop. Because Officer Tobin was driving an unmarked car, he positioned himself where he could see Appellant's face and Appellant could see his face. Appellant drove approximately one half mile with Officer Tobin behind him before eventually pulling over.

Officer Tobin approached the driver side of the vehicle, introducing himself to Appellant and explaining the reason for the stop. Appellant appeared confused and did not recall accelerating past the tractor trailer truck or driving through a red light. When Appellant spoke, Officer Tobin smelled a strong odor of alcohol and noticed that Appellant had red glassy eyes and slurred speech. Officer Tobin asked Appellant if he had been drinking, and Appellant slurred, "No." Officer Tobin performed a preliminary-arrest breath test ("PBT") to verify if Appellant had been drinking. The Alco-Sensor PBT, approved by the Department of Health, confirmed Appellant had consumed alcohol before driving.

Thereafter, Officer Tobin asked Appellant to step out of his vehicle so he could administer field sobriety tests. Appellant performed the alphabet recital test, finger-to-nose test, and a finger-count test after watching a demonstration of each test. When Officer Tobin asked Appellant to attempt the alphabet recital test without singing, he observed Appellant sing and slur the alphabet. During the finger-to-nose test, Officer Tobin observed Appellant miss the tip of his nose on numbers 1, 2, 3 and 5. Officer Tobin testified that Appellant failed to successfully complete the finger-count test as well.

Officer Tobin placed Appellant in custody and transported him to Phoenixville Hospital. Officer Tobin read Appellant the

*O'Connell* Warnings.[1]  When Officer Tobin asked Appellant if he would consent to the blood test, Appellant sat in silence, not responding.  Officer Tobin warned Appellant that his silence would constitute a refusal.  Appellant then asked for an attorney. Officer Tobin read the final paragraph of the *O'Connell* Warnings again, informing Appellant that his request for an attorney and his silence constituted a refusal.  Appellant again asked to speak with an attorney.  Officer Tobin deemed Appellant's request for an attorney as his refusal to consent to the requested blood test and ended the procedure.

> [1]  The phrase "*O'Connell Warnings*" means the officer must specifically inform a motorist that his driving privileges will be suspended for one year if he refuses chemical testing, and that the rights provided by the United States Supreme Court's decision in *Miranda v. Arizona*, 384 U.S. 436 (1966), do not apply to chemical testing.  *See Commonwealth Dept. of Transp. Bureau of Traffic Safety v. O'Connell*, 555 A.2d 873, 877-78 (Pa. 1989) . . .

Trial Court Opinion, 12/16/14, at 1–3.

Appellant was charged with driving under the influence of alcohol ("DUI"), speeding, and failure to stop at a red light.  He filed an *omnibus* pretrial motion that included a motion to suppress on July 8, 2013. Following a hearing on May 26, 2014, the trial court denied the suppression motion on July 16, 2014.  On July 30, 2014, alleging the appearance of impropriety, Appellant filed a motion to recuse the trial judge.  The trial court denied the recusal motion on August 5, 2014.  As noted, the trial court found Appellant guilty of all charges at a bench trial on October 8, 2014. Appellant filed this appeal on November 7, 2014.  Both Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant raises the following issues for our review:

I.     Did the trial court abuse its discretion when it denied Appellant's motion to recuse when the court made a determination, prior to the commencement of trial, as to the ultimate issue of Appellant's guilt and as to the credibility of the officer and the lack of veracity on the part of Appellant?

II.    Did the trial court abuse its discretion when it precluded Appellant's expert witness from testifying as to the reliability and accuracy of non-standardized field sobriety tests versus the national standardized field tests approved by the National Highway and Transportation Authority where Sergeant Tobin's failure to use these tests called into question his conclusion that Appellant was incapable of safely operating a motor vehichle [sic] on the night in question?

III.   Was the evidence sufficient to support Appellant's conviction for driving under the influence when the sole evidence of his alleged impairment was the officer's belief that Appellant had improperly performed non-standardized field sobriety tests and the tests were invalidated by unrebutted expert witness testimony?

Appellant's Brief at 4.

Appellant first argues that the trial court abused its discretion in denying his motion to recuse. He suggests that the trial court's findings in denying the suppression motion reveal that the court "had already concluded that [A]ppellant was impaired at the time of the incident." Appellant's Brief at 10. Thus, he avers that the trial court was predisposed to believe Sergeant Tobin, the Commonwealth's sole witness. *Id*. at 12. Appellant asserts that credibility was the central issue in the case, "which required the court to assess whether Sergeant Tobin or [A]ppellant were testifying

truthfully in recounting the events that transpired on February 12, 2012."

***Id***. at 13.

In support, Appellant cites **Commonwealth v. Lewis**, 460 A.2d 1149

(Pa. Super. 1983), wherein we stated:

> The Pennsylvania Supreme Court has suggested that "the better practice in a multi-judge county would be to have the trial conducted by someone other than the judge who presided over the Suppression Proceedings particularly where there is a waiver of jury accepted." *Commonwealth v. Paquette*, 451 Pa. 250, 258, 301 A.2d 837, 841 (1973). The Court again articulated a preference for this practice in *Commonwealth v. Goodman*, 454 Pa. 358, 362, 311 A.2d 652, 654 (1973), as it concluded "that a judge should honor a request for recusation where prejudicial information is received in a pre-trial proceeding that would be otherwise inadmissible during the trial of the cause." Whether a trial judge should recuse himself thus depends upon "the type of evidence that the judge hears; if the evidence is inadmissible and is of a highly prejudicial nature, the judge should recuse himself or declare a mistrial if it is too late for recusal." *Commonwealth v. Lee*, 262 Pa. Super. 280, 291, 396 A.2d 755, 760 (1978). The judge should also recuse himself whenever there is substantial doubt as to his ability to preside impartially. *Commonwealth v. Boyle*, 498 Pa. 486, 490, 447 A.2d 250, 252 (1982). The burden to show prejudice, however, is on the party seeking recusal. *Commonwealth v. Council*, 491 Pa. 434, 421 A.2d 623 (1980); *Commonwealth v. Martin*, 307 Pa. Super. 118, 452 A.2d 1066 (1982). "If the evidence is admissible or not of a highly prejudicial nature, recusal is not required", *Commonwealth v. Lee*, *supra*, 262 Pa. Super. at 291, 396 A.2d at 760, and **while it may be the better practice to have a different judge preside over trial than preside over pre-trial proceedings, such a practice is not constitutionally required and has not been made the basis for setting aside a verdict reached in an otherwise proper trial.** *Commonwealth v. Baxter*, 282 Pa. Super. 467, 422 A.2d 1388 (1980). *Commonwealth v. Williams*, 269 Pa. Super. 544, 410 A.2d 835 (1979). This principle appears to be based on "the prevailing view that judicial fact-finders are capable of disregarding most prejudicial evidence." *Commonwealth v.*

*Council*, *supra* 491 Pa. at 439, 421 A.2d at 625 (footnote omitted).

**Lewis**, 460 A.2d at 1151–1152 (emphasis added).

The Commonwealth counters that the Pennsylvania Rules of Criminal Procedure require the trial court to opine on witnesses' credibility after a suppression hearing. Commonwealth Brief at 8.[1] Further, it avers that a suppression court "is entitled to believe all, some, or none of the evidence presented." **Id**. Thus, the Commonwealth maintains that because Appellant chose to testify at the suppression hearing, and Pa.R.Crim.P. 581 requires the court, *inter alia*, to issue specific credibility decisions, Appellant is not entitled to relief merely because he "voluntarily subject[ed] himself to the trial court's credibility determinations." **Id**.

In support of its refusal to recuse, the trial court stated that its suppression findings "were limited to the reasonableness of Officer Tobin's actions." Trial Court Opinion, 12/16/14, at 11. It noted that the relevant inquiry at suppression was whether Officer Tobin had reasonable suspicion of

---

[1] Pa.R.Crim.P. 581, "Suppression of Evidence," provides, in relevant part:

> (I) At the conclusion of the hearing, the judge shall enter on the record a statement of findings of fact and conclusions of law as to whether the evidence was obtained in violation of the defendant's rights, or in violation of these rules or any statute, and shall make an order granting or denying the relief sought.

Pa.R.Crim.P. 581(I).

criminality, and it did not consider a determination of guilt beyond a reasonable doubt at that point, but saved that assessment for trial. *Id*.

Our Supreme Court has discussed the standards governing recusal, as follows:

> "A trial judge should recuse himself whenever he has any doubt as to his ability to preside impartially in a criminal case or whenever he believes his impartiality can be reasonably questioned." *Commonwealth v. Goodman*, 454 Pa. 358, 311 A.2d 652, 654 (1973). It is presumed that the judge has the ability to determine whether he will be able to rule impartially and without prejudice, and his assessment is personal, unreviewable, and final. *Commonwealth v. Druce*, 577 Pa. 581, 848 A.2d 104, 108 (2004). "Where a jurist rules that he or she can hear and dispose of a case fairly and without prejudice, that decision will not be overturned on appeal but for an abuse of discretion." *Commonwealth v. Abu–Jamal*, 553 Pa. 485, 720 A.2d 79, 89 (1998).
>
> *Commonwealth v. Blakeney*, 946 A.2d 645, 662 (Pa. 2008) (alteration in original). Additionally, "it is the burden of the party requesting recusal to produce evidence establishing bias, prejudice or unfairness which raises a substantial doubt as to the jurist's ability to preside impartially." *Commonwealth v. White*, 589 Pa. 642, 910 A.2d 648, 657 (2006) (quoting *Commonwealth v. Abu–Jamal*, 553 Pa. 485, 720 A.2d 79, 89 (1998)).

*Commonwealth v. Tedford*, 960 A.2d 1, 55–56 (Pa. 2008). Without doubt, our standard of review of a trial court's determination not to recuse is exceptionally deferential, because we recognize that our trial judges are "honorable, fair and competent." *Commonwealth v. Harris*, 979 A.2d 387, 391 (Pa. Super. 2009); *see also Commonwealth v. Postie*, 110 A.3d

1034, 1037 (Pa. Super. 2015). Thus, "although we employ an abuse of discretion standard, we do so recognizing that the judge himself is best qualified to gauge his ability to preside impartially." *Harris*, 979 A.2d at 392. Moreover:

> The party who asserts that a trial judge should recuse bears the burden of setting forth specific evidence of bias, prejudice, or unfairness. "Furthermore, a decision by the trial court against whom the plea of prejudice is made will not be disturbed absent an abuse of discretion."

*Postie*, 110 A.3d at 1037 (quoting *Harris*, 979 A.2d at 392). The mere participation by the trial judge in an earlier stage of the proceedings does not provide a *per se* basis for requiring recusal of the trial judge. *Postie*, 110 A.3d at 1038.

Herein, Appellant has not met the burden for demonstrating partiality, bias, or an abuse of discretion. First, we note that Appellant paints his argument with broad strokes that he fails to support. Appellant suggests the trial court "went out of its way to reinforce the Officer's conclusion that [A]ppellant was 'in fact' intoxicated," Appellant's Brief at 15, but he does not support the claim with citation to the record. He continues that in making this "unwarranted premature decision," the trial court ignored Appellant's testimony "regarding his perceived performance on the tests," but does not include citation to what testimony was ignored. *Id*. Appellant accuses the trial court of "wholesale rejection of the un-controverted trial testimony from the defense expert, Mr. Gilbert Snowden," who allegedly "challenged

- 8 -

whether the non-standardized [field sobriety] tests . . . were performed accurately," yet he fails to identify in the record both the testimony allegedly foregone and the trial court's alleged "wholesale rejection." *Id*. Appellant accuses the trial court of "flout[ing] without reason or explanation the expert's averments on the sole . . . issue he was permitted to address," *id*., but he fails to elucidate such actions in the record. As we stated in *Commonwealth v. Harris*, 979 A.2d 387 (Pa. Super. 2009), "An appellate brief must provide citations to the record and to any relevant supporting authority." *Id*. at 393 (citing *Commonwealth v. Einhorn*, 911 A.2d 960, 970 (Pa. Super. 2006)). *See also Commonwealth v. Tielsch*, 934 A.2d 81, 93 (Pa. Super. 2007); *Commonwealth v. Judd*, 897 A.2d 1224, 1233 (Pa. Super. 2006). In short, Appellant fails to support his allegations of bias.

Nevertheless, we consider Appellant's claim. Appellant argues that the above evidence supports his averment of the "trial court's unequal treatment toward the respective parties," which equates to evidence of "why recusal was requested and . . . why it was warranted." Appellant's Brief at 15. In actuality, the above allegations go to the propriety of the denial of the motion to suppress itself, not the motion to recuse. The succinct issue before us is whether the trial court, having entertained the motion to suppress, should have recused itself from judging Appellant's guilt or innocence of the charged offenses.

As noted, over forty years ago, our Supreme Court advised that "the better practice in a multi-judge county would be to have the trial conducted by someone other than the judge who presided over the Suppression Proceedings particularly where there is a waiver of jury accepted." *Paquette*, 301 A.2d at 841. Thirty-two years ago, in the case upon which Appellant relies, *Lewis*, 460 A.2d 1149, this Court reiterated that while it may be the better practice to have a different judge preside over trial than preside over pretrial proceedings, it is not constitutionally required and does not require setting aside a verdict reached in an otherwise proper trial. *Id*. at 1152 (citing *Baxter*, 422 A.2d 1388). In forty years, our appellate courts have not further refined the practice, and it stands as one that is preferred, not required.

Appellant ignores the trial court's explanation and fails to credit the presumption that the judge has the ability to determine whether she can rule impartially and without prejudice. *Druce*, 848 A.2d at 108. The trial judge ruled that she could hear and dispose of the case fairly and without prejudice. As stated by the trial court:

> This [c]ourt has stated on the record that the findings of fact contained within the Suppression Order dated July 16, 2014 were limited to the reasonableness of Officer Tobin's actions. **The relevant inquiry, at suppression, was whether Officer Tobin had reasonable suspicion of criminality**. At the time of the Suppression hearing, this [c]ourt did not consider a determination of guilt or the reasonable doubt standard. This [c]ourt waited until the subsequent hearing of trial to apply a higher burden of proof to facts presented as evidence. Accordingly, this [c]ourt used its full discretion in denying

- 10 -

Appellant's Motion for Recusal, and requests that said determination is not disturbed.

Trial Court Opinion, 12/16/14, at 11 (emphasis added). Nothing Appellant has cited persuades us that the trial court's determination was an abuse of its discretion. The trial judge concluded that she could preside impartially. Our review reveals nothing untoward; Appellant's contention regarding recusal fails to demonstrate that his trial was unfair or impartial.

We reiterate that "[t]he mere participation by the trial judge in an earlier stage of the proceeding neither suggests the existence of actual impropriety nor provides a basis for a finding of the appearance of impropriety." ***Commonwealth v. Sirbaugh***, 500 A.2d 453, 459 (Pa. Super. 1985). It is presumed that "[j]udicial fact-finders are capable of disregarding prejudicial evidence." ***Id***. at 460. While our case law recognizes the potential for prejudice, there remains a strong presumption that a trial judge will ordinarily be capable of ignoring prejudicial, even inadmissible, evidence. Appellant has failed to rebut this presumption.

Thus, in light of our deferential standard of review, we are satisfied that the trial court did not abuse its discretion in denying Appellant's motion to recuse. Accordingly, we decline to hold that the trial judge abused her discretion in refusing Appellant's request that she recuse from Appellant's trial.

Appellant's second issue avers that the trial court abused its discretion in limiting Appellant's expert witness's testimony regarding the reliability and

accuracy of the field-sobriety tests administered by Officer Tobin. The tests the officer administered were "an alphabet recital, finger to nose, and a finger count." N.T. (Suppression), 5/28/14, at 15. Appellant claims that the only evidence proffered to support the contention that Appellant was intoxicated was Officer Tobin's testimony, and Officer Tobin utilized non-standard field-sobriety testing as opposed to the tests endorsed by the National Highway Traffic Safety Administration (NHTSA).[2] Appellant's Brief at 16. Appellant maintains that Officer Tobin used the non-standard tests despite the fact that he was trained in "the more reliable testing techniques." Appellant's Brief at 16.

Appellant's argument[3] is premised on the fact that the preliminary breath test at the scene showed he had a 0.07% BAC, which is below the legal limit. Appellant's Brief at 17. Appellant's expert, Gilbert Snowden

---

[2] The tests **not** administered were the Horizontal Gaze Nystagmus test, the Walk and Turn test, and the One Leg Stand. Trial Court Opinion, 12/16/14, at 12 n.3.

[3] Once again, Appellant makes broad statements concerning rulings, proffers, and testimony at trial wholly without citation to the record. Appellant's Brief at 17–18. Thus, we could find the issue waived. **Commonwealth v. Williams**, 980 A.2d 667 (Pa. Super. 2009) (stating defendant waived argument on appeal where he failed to indicate in his brief where the issue was preserved in trial court); Pa.R.A.P. 2119 (c) (stating if reference is made to any matter appearing in the record, argument must set forth place in the record where the matter appears). "It is not this Court's responsibility to comb through the record seeking the factual underpinnings of an appellant's claim." **Commonwealth v. Samuel**, 102 A.3d 1001, 1005 (Pa. Super. 2014).

("Snowden"), a retired Pennsylvania State Trooper, issued a report in which he noted that the standard NHTSA tests have a "combined degree of reliability . . . of 91% where an individual has a blood alcohol content level of .08%." Appellant's Brief at 17. Appellant maintains that the court "improperly excluded the vital testimony comparing and contrasting the aforementioned testing techniques." *Id*. at 17–18.

The Commonwealth responds that the evidence was not relevant and maintains that the issue before the court was whether Appellant drove his vehicle after drinking a sufficient amount of alcohol to render him incapable of safe driving. Commonwealth's Brief at 11–12 (citing 75 Pa.C.S. § 3802(a)(1)). In the offer of proof for the expert, Appellant's counsel asserted that Snowden's testimony would address "the appropriate tests that should have been done in this matter as well as offer his opinion as to the manner in which the testing . . . was done in this case." N.T., 10/8/14, at 99. The trial court apparently had proscribed the first part of the testimony relating "to the national standards. . . ." *Id*. The Commonwealth suggests that testimony regarding tests that Officer Tobin did not perform "would not tend to prove or disprove any material fact at the trial." Commonwealth Brief at 12.

"A trial court has broad discretion to determine whether evidence is admissible," and a trial court's ruling regarding the admission of evidence "will not be disturbed on appeal unless that ruling reflects manifest

unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support to be clearly erroneous." *Commonwealth v. Huggins*, 68 A.3d 962, 966 (Pa. Super. 2013), *appeal denied*, 80 A.3d 775 (Pa. 2013); *Commonwealth v. Minich*, 4 A.3d 1063 (Pa. Super. 2010) (citations and quotations omitted). We review all matters touching upon the admission of evidence for an abuse of discretion. *Commonwealth v. Ali*, 112 A.3d 1210, 1217–1218 (Pa. Super. 2015). "An abuse of discretion is not merely an error of judgment, but is rather the overriding or misapplication of the law, or the exercise of judgment that is manifestly unreasonable, or the result of bias, prejudice, ill-will or partiality, as shown by the evidence of record." *Commonwealth v. Mendez*, 74 A.3d 256, 260 (Pa. Super. 2013), *appeal denied*, 87 A.3d 319 (Pa. 2014). "[A]n erroneous ruling by a trial court on an evidentiary issue does not necessitate relief where the error was harmless beyond a reasonable doubt." *Commonwealth v. Travaglia*, 28 A.3d 868, 874 (Pa. 2011). Moreover, "The admission of expert testimony is a matter of discretion for the trial court and will not be remanded, overruled or disturbed unless there was a clear abuse of discretion." *Commonwealth v. Carter*, 111 A.3d 1221, 1222 (Pa. Super. 2015).

The trial court ruled that testimony regarding the foregone tests was not relevant. It concluded as follows:

> Based on his qualifications, this Court permitted Mr. Snowden to testify regarding proper procedures for administering the field sobriety tests employed by Officer Tobin on February 13, 2012. The accuracy of the field sobriety test[s],

- 14 -

as administered, is undoubtedly a highly relevant issue[,] and this Court found Mr. Snowden's testimony helpful. This Court's decision to allow certain parts of the expert testimony, while excluding others, was motivated by concern for efficiency, clarity and the law, not by malice or prejudice.

Trial Court Opinion, 12/16/14, at 13.

Before any evidence is admissible in a criminal proceeding, it must be competent and relevant. *Commonwealth v. Freidl*, 834 A.2d 638, 641 (Pa. Super. 2003).

> Relevance is the threshold for admissibility of evidence. *Commonwealth v. Cook*, 597 Pa. 572, 602, 952 A.2d 594, 612 (2008). Relevant evidence is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Pa.R.E. 401. "Evidence is relevant if it logically tends to establish a material fact in the case, tends to make a fact at issue more or less probable or supports a reasonable inference or presumption regarding a material fact." *Commonwealth v. Drumheller*, 570 Pa. 117, 135, 808 A.2d 893, 904 (2002), *cert. denied*, 539 U.S. 919, 123 S.Ct. 2284, 156 L.Ed.2d 137 (2003). "Evidence that is not relevant is not admissible." Pa.R.E. 402.

*Commonwealth v. Williams*, 48 A.3d 1265, 1268-1269 (Pa. Super. 2012).

The trial court permitted Snowden's qualification as an expert and allowed him to discuss why he believed the non-standard techniques were incorrectly administered. Snowden testified that "the alphabet test is part of the standardized field sobriety test course." N.T., 10/8/14, at 111. He described the test as a pre-exit test, *i.e.*, one done while the person is still in the vehicle "to try to determine whether to get that person out of the car."

*Id*. He acknowledged, however, that "it doesn't always have to be done that way." *Id*. at 113.

Regarding the finger-to-nose test, Snowden testified that the test currently is not "still" taught in the standardized field-sobriety test course, thereby implying that at one time, it indeed was taught. N.T., 10/8/14, at 116. Snowden then stated, "Sergeant Tobin is a very seasoned, experienced officer and this is maybe a test he has used . . . over the years, but when you use one of the nonstandardized field sobrieties, you have to be aware of certain factors that can affect reliability of those tests." *Id*. One of the factors Snowden described was that "some officers would make [that test] too complicated," but "to [Sergeant Tobin's] credit" "he didn't complicate it that way," which "helps the reliability of that test." *Id*. Snowden testified that the officer did ask Appellant to close his eyes when performing the test, which is not standard. *Id*.

Snowden also testified that the third test Sergeant Tobin administered, the "1-to-5 finger count," is "part of the standardized field sobriety tests also." N.T., 10/8/14, at 118–119. He described it as a pre-exit test and opined that Sergeant Tobin administered it "contrary to the way it's taught" in that the officer asked Appellant to count from one to five "and back down to one." *Id*. at 119–121.

On cross-examination, Snowden admitted there is "no requirement to do **any** type of field sobriety test." N.T., 10/8/14, at 121–122. Snowden

- 16 -

further agreed that other than the current three standardized field-sobriety tests, which are the horizontal gaze nystagmus test, the walk-and-turn test, and the one-leg-stand test, there are three other acceptable tests that are taught: "the finger count [Sergeant Tobin] gave, the alphabet test [he gave], and the count-backwards test." *Id*. at 123. Snowden admitted that while the alphabet test is classified as a pre-exit test, it "doesn't always have to be administered pre-exit," because "there are times you might be at an accident scene and the guy is already out the car." *Id*. at 124. Snowden also testified that the "majority of the times [he has] testified since 1995 has been for the defense." *Id*. at 125.

Our review of the complete record compels our conclusion that the trial court did not abuse its discretion regarding the admission and limitation of Snowden's testimony. He testified about the current and former teaching of field-sobriety tests, explained his opinion of the standard methods of administration of the tests, and critiqued Sergeant Tobin's administration of them. As found by the trial court, "a detailed analysis of the proper procedures for three field sobriety tests **not used in this case**" would not be helpful "in determining if Appellant was impaired." Trial Court Opinion, 12/16/14, at 12 (emphasis in original). Thus, we conclude this issue does not entitle Appellant to relief.

Appellant's third issue challenges the sufficiency of the evidence. Appellant's sole reference to the alleged insufficiency of the evidence in his

concise statement filed pursuant to Pa.R.A.P. 1925 was as follows: "The trial court erred in finding [Appellant] guilty beyond a reasonable doubt as the Commonwealth's proofs were insufficient as a matter of law." Statement of Matters Complained of on Appeal, 11/25/14, at 5. The trial court concluded that Appellant's concise statement failed to specify the elements upon which the evidence was insufficient and that the issue was not properly preserved for appeal. Trial Court Opinion, 12/16/14, at 13.

In **Commonwealth v. Garang**, 9 A.3d 237 (Pa. Super. 2010), this Court reiterated that when challenging the sufficiency of the evidence on appeal, the appellant's Rule 1925(b) statement must "specify the element or elements upon which the evidence was insufficient" in order to preserve the issue for appeal. **Id**. at 244 (citing **Commonwealth v. Williams**, 959 A.2d 1252, 1257 (Pa. Super. 2008), and **Commonwealth v. Flores**, 921 A.2d 517, 522–23 (Pa. Super. 2007)). **See also Commonwealth v. Gibbs**, 981 A.2d 274, 281 (Pa. Super. 2009) ("Appellant not only failed to specify which elements he was challenging in his [Rule] 1925 statement, he also failed to specify which convictions he was challenging."); **Samuel**, 102 A.3d at 1005 ("In order to develop a claim challenging the sufficiency of the evidence properly, an appellant must specifically discuss the elements of the crime and identify those which he alleges the Commonwealth failed to prove.").

In response to the trial court's finding of waiver, Appellant cites **Commonwealth v. McCree**, 857 A.2d 188 (Pa. Super. 2004), where this

Court acknowledged the lack of specificity in the appellant's sufficiency claim but addressed it. He maintains that he was convicted only of one non-summary charge, DUI, and:

> [t]he single simple issue before the lower court was whether [A]ppellant was operating his motor vehicle while under the influence of alcohol. And, because there was no chemical evidence in this case, the entire trial revolved around only one specific portion of the Pennsylvania DUI statute: general impairment.

Appellant's Brief at 24.

We are not persuaded that this contention precludes waiver herein. In his brief, Appellant presents the following three bases regarding sufficiency of the evidence: the trial court disregarded Snowden's unrebutted testimony regarding the field tests administered by Sergeant Tobin, which is a rehash of Issue II; the trial court failed to state on the record the reasons why it disregarded Snowden's testimony; and there was a lack of corroborative evidence of intoxication in the record. Appellant's Brief at 28–33. None of these claims was suggested by Appellant's Rule 1925(b) statement or implied in it. Thus, we conclude this claim is waived.

Judgment of sentence affirmed.

Judge Wecht joins the memorandum.

Judge Donohue concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 9/21/2015